DOMINICK M. SUSI *vs*. DIAMOND MATCH COMPANY.

Somerset County. Decided January 22, 1932. On motion. Action for damages for breach of contract. Verdict for plaintiff. Damages $5,004.

In October, 1930, the parties entered into a written contract by the terms of which plaintiff agreed to cut and haul from certain timber lots during the season of 1930-1931 all of the pine logs located thereon suitable for match stock according to certain specifications verbally agreed upon, the total quantity being estimated at one million feet, and land the same on skidways of defendant's mill, for which defendant was to pay seventeen dollars per thousand feet.

There was on the land from which these logs were to be cut a substantial quantity of timber, consisting of fir, white birch, poplar, Norway pine, burned timber and white pine unsuitable for match stock. Plaintiff planned to cut all of the timber and haul it.

to the mill where it was to be sorted, scaled and sawed. The logs accepted as match stock were to be paid for by defendant, those rejected to remain the property of plaintiff, he to pay four dollars a thousand feet for sawing same. There was no provision in the contract as to who should have authority to determine which of the logs were suitable for match stock, and disagreement on that point gave rise to this litigation.

Work was begun on December 13, 1930, and continued with some interruptions until January 31, 1931. During that time 108,813 feet of match stock had been accepted and paid for. In addition, there had been delivered at the mill yard 366,427 feet of logs which defendant had refused to accept, and there were 52,000 feet of logs in the woods awaiting hauling.

Defendant's agent complained that plaintiff was not furnishing a reasonable supply of stock for the mill. Plaintiff asserted that if the logs were properly and fairly sorted, there were in the mill yard sufficient logs suitable for defendant's use to meet its demand; whereupon defendant ordered a cessation of the work, and contractual relations ceased between the parties.

Defendant claimed that plaintiff was at fault by not supplying it with stock of the required quality. Plaintiff claimed that defendant arbitrarily refused to accept stock which fully met the reasonable requirements of the contract. Thus an issue of fact was framed and much testimony was heard bearing upon the question. The evidence is neither clear nor conclusive. It furnishes fair basis for one of three distinct conclusions, namely, that the contract was abandoned by mutual agreement, that it was breached by plaintiff, or that it was breached by defendant. The jury reached the latter conclusion. Whether we agree with it or not, we cannot say that reasonable men, viewing the evidence fairly, might not arrive at such a decision; hence the verdict must stand. But patent error appears in the assessment of damages.

The total amount of white pine on plaintiff's land when cutting began was 782,148 feet. As nearly as could be ascertained, 363,721 feet remained in standing trees when the cutting was abandoned. Defendant had cut 418,721 feet of pine, all but 52,000 feet of which he had hauled to the mill. Of this amount, seventy per cent or 292, 899 feet is claimed to have been suitable for match stock.

Defendant had accepted and paid for 108,813 feet, leaving 184,086 feet improperly rejected. By reason of changed market conditions, plaintiff may be entitled to damages on this amount at a rate of eleven dollars per thousand feet or $2,024.95.

There is no evidence in the record from which it is possible to compute the damage, if any, caused by failure to market the standing timber. The case is silent as to price or value of stumpage either at the time the contract was made or at any period since, and also as to the cost of cutting. It is asserted that the loss on this item was five dollars per thousand, but there appears to be no basis for the assertion. In the absence of evidence, only nominal damage may properly be assessed against defendant on this item. Motion sustained. New trial granted, unless within thirty days from filing of mandate plaintiff file a remittitur of all of the amount of the verdict in excess of $2,024.95. *H. R. Coolidge, Merrill & Merrill,* for plaintiff. *Butler & Butler,* for defendant.