DONALD W. MCKINNON ET AL.
*vs.*
JOSEPH R. CIANCHETTE
A/K/A J. R. CIANCHETTE

Penobscot.   Opinion, August 7, 1957.

*Harry Stern,* for plaintiff.

*Clair L. Cianchette,* for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, BELIVEAU, TAPLEY, SULLIVAN, DUBORD, JJ.

WILLIAMSON, C. J.   This action of trespass *quare clausum fregit* is before us on defendant's motion for a new trial. In 1955 in the course of work on an adjoining lot the defendant's trucks and bulldozer crossed three vacant house lots belonging to the plaintiffs.  The defendant admitted the trespass, and the sole issue before us is whether the jury erred in assessing compensatory damages at $550.  The defendant contends that the plaintiffs failed to establish any damage and thus could recover nominal damages and no more.

The case was tried on the theory that the plaintiffs' land was permanently damaged, and that the measure of damages was the difference in market value immediately before and after the admitted trespass.

The plaintiffs also sought punitive damages.  The ruling of the presiding justice taking this claim from the jury is not, however, before us.

The evidence on damages taken most favorably to the plaintiffs, is, in our opinion, insufficient for a jury verdict. In substance the evidence is this:  The three vacant house lots, with a frontage of 120 feet on a city street in Bangor, were purchased by the plaintiffs in 1950 at a cost of "$1,000 plus my services as a carpenter."  "I (Mr. McKinnon) re-

alize that land is very scarce and valuable in Bangor." Mr. McKinnon also testified that loam had been scraped from the land and an inferior fill "has been deposited on our land and has been ground in with our loam." Mrs. McKinnon said, "The land was all dug up from the bulldozer, and there were ruts and holes, and the grass was all removed." Photographs were introduced to show the damage caused by the acts of the defendant. From this evidence the jury concluded there was a loss in market value of $550.

We are unable to find evidence from which a jury could determine with reasonable certainty the market value before and after the trespass, and hence the proper damages. What was the market value before, and after, in this instance? The verdict, in our view, was based on guess or conjecture, neither of which is a firm base for a finding.

On a new trial the jury can be supplied with full data on which to place a reasonable verdict. We say no more than that on this record there is not sufficient evidence to find any damages, apart from nominal damages.

Illustrative cases are: *McDougal* v. *Hunt,* 146 Me. 10, 14, 76 A. (2nd) 857; *Susi* v. *Diamond Match Co.,* 131 Me. 487, 158 A. 698; *Bowley* v. *Smith,* 131 Me. 402, 406, 163 A. 539.

Plaintiffs' motion for treble costs on the ground defendant's motion was frivolous or intended for delay is denied. R. S. Chap. 113, Sec. 59.

The entry will be

*Motion sustained.*
*Verdict set aside.*
*New trial granted.*