W. B. PATTERSON, Appellant, v. G. E. JOHNSON, Appellee.

BROKERS: Compensation—Breach of Contract—Damages. A real estate broker fails to establish damages for breach of a contract under which he was to have a commission of $1 per acre for following up work and closing land deals with customers, where work and expense by him were necessary thereon, and he failed to show the amount and reasonable value of such work or expense.

*Appeal from Linn District Court.*—F. O. ELLISON, Judge.

OCTOBER 25, 1919.

PLAINTIFF seeks to recover a commission of $1.00 per

acre for lands sold by the defendant to one Anderson, and the claim is based upon an agreement that such commission shall be paid the plaintiff for "following up work and closing land deals with customers," Anderson being one of the customers referred to. In the alternative, appellant claims that, if not entitled to a commission under the contract, defendant breached the contract, and appellant should be allowed the same amount as said commission, as damages for breach of such contract. A verdict was directed in favor of the defendant. The plaintiff appeals.— *Affirmed.*

*L. M. Kratz,* for appellant.

*J. E. Patterson* and *Warren Harmon,* for appellee.

SALINGER, J.—I. Appellant contends that, under his "contract," he is entitled to recover $320, though he never reached Anderson, and never closed with him. We need give no consideration to the original contract between the parties. In that contract, it is especially provided that no commission shall be paid for soliciting, where another agent sends or brings the buyer. Under it, the commission is "for sales made." It provides for a larger compensation than plaintiff claims, and for one that is fixed by the supplemental contract only. The petition states that the original contract provides commission for procuring purchasers. Appellant concedes in argument that the original contract "has no material value in reference to the issues in this cause." The petition declares damages are due because defendant broke his contract as to closing of deals, in that he closed the deal with Anderson himself. In one word, unless the supplemental contract gives plaintiff $1.00 an acre, without regard to whether he did or did not close the Anderson deal, the judgment appealed from must stand. The supplemental contract is an agreement that plaintiff is to be paid $1.00 an acre for "following up work and closing land deals

with customers," including Anderson. Plaintiff sues to obtain $1.00 an acre under this contract. We cannot agree to his claim that this contract fixes $1.00 an acre as the *damages* to be paid plaintiff if another than he was permitted by defendant to close the Anderson deal. We read this contract to be an agreement to pay that sum, not as damages because another was permitted to close the deal, but as compensation to plaintiff if he closed the deal. We do not say plaintiff has no remedy if, by violating the contract, defendant prevented plaintiff from closing with Anderson. We hold that, for such case, the contract fixes no damages, and that it was for plaintiff to show what damages he sustained by not being permitted to carry out the contract, and that, on such proof, he might recover the amount proven, not to exceed $1.00 per acre.

We will assume for appellant that conditions as to selling the 320 acres bought by Anderson were such that, had appellant reached Anderson, he could have completed the sale to him, in which event he would have been entitled to the compensation he sues for.

What evidence is there as to what sum defendant lost by being prevented from closing with Anderson? There is none. That he would have been entitled to the contract amount, had he closed the deal, is no evidence that his damages are as great as the amount of that compensation which he was not allowed to earn. He concedes there was work to do in closing these deals, by securing contracts and notes. This work he did not do, though he would have been obliged to do it, to obtain the contract pay. It might have been much or little work. We have no evidence on how much work plaintiff might have had to do, had he been permitted to close with Anderson. We have no evidence how much the work to be done, and not done, was reasonably worth if done. Plaintiff tells us in argument, "It was an expensive and difficult task to see each customer personally, as appel-

lant was called upon to do," and that he was 60 miles away, when advised that sale to Anderson had been made. What was saved plaintiff in time and expense by not going that 60 miles and back, and spending the time necessary to close the deal, is not made to appear. How much of the difficult and expensive task was saved does not appear. All we have is that, if the work had been done, and the expense incurred, plaintiff would have earned $320. We cannot allow him that, for it includes labor and expense that was never done or made. *International Harvester Co. v. Chicago, M. & St. P. R. Co.*, 186 Iowa 86. What a thing is worth under given conditions is no evidence of its value under different conditions. *Johnson v. Doubravsky*, 181 Iowa 77, at 84. What is due if three things be done is no evidence of value where but two of them are done. *Sater v. Burlington & Mt. P. P. R. Co.*, 1 Iowa 386, at 394; *In re Trusteeship of Clark*, 174 Iowa 449, at 458; *Worez v. Des Moines City R. Co.*, 175 Iowa 1, at 17.

The plaintiff was entitled to nothing except such damages, if any, as he sustained by the alleged breach of contract on part of defendant. He has no evidence that those damages equaled the contract price for a service which he never performed. His recovery could not be greater than that sum. There is evidence that it was less than that sum, because plaintiff was saved work and outlays required to earn the $320. There is no evidence how much was due on allowance made for said savings. The effect is, there is no evidence of how much is due in damages. It follows the judgment must be affirmed. See *Mohler v. Guest Piano Co.*, 186 Iowa 161. The most that can be said is that plaintiff had evidence of what he was entitled to recover if he had closed the Anderson deal, and expended the necessary time and money to bring it about, whatever that outlay may be, and has no evidence of what is due him where he did not close the deal, and did not incur said unspecified outlay

in time and money.  That brings this case squarely within *Johnson v. Doubravsky,* supra.—*Affirmed.*

LADD, C. J., EVANS and PRESTON, JJ., concur.