ALVA W. McDOUGAL, APLT.

*vs.*

JOHN W. HUNT

York.    Opinion, November 15, 1950.

*Gendron, Fenderson and McDougal,* for plaintiff.

*Willard and Willard,*
*Ward T. Hanscom,* for defendant.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.

MERRILL, J.  On exceptions.  The plaintiff, being the owner of a parcel of land in Sanford designated as lots 5, 6 and 7 on a plan of Hanson Pines recorded in York County Registry of Deeds, some time after April 1, 1940, and prior to April 1, 1941, sold lot No. 5 to the defendant.  Lots 5, 6

and 7 were contiguous and together formed a single parcel of land at the corner of Main Street and Mountain Avenue. The defendant did not record his deed and neither party notified the tax assessors of the change in ownership. Prior to the conveyance the assessors had been assessing lots 5, 6 and 7 to the plaintiff *in solido,* and as a unit, without assigning a specific value to the separate lots. The assessors after the transfer continued to assess lots 5, 6 and 7 to the plaintiff as before. The plaintiff paid the taxes on all three lots for the years 1941 to 1947 inclusive when he first discovered that lot No. 5 was still being assessed to him as aforesaid, and that he had paid the taxes thereon. The tax bills rendered to the plaintiff and which he had paid did not in any way indicate that lot No. 5 was still being assessed to him. The plaintiff demanded that the defendant reimburse him for what he claimed was the proportional amount of taxes paid attributable to lot No. 5. Other than a statement as to the proportion that the area of lot No. 5 bore to the total area of lots 5, 6 and 7, and that the terrain of the three lots was similar, there is nothing in the record from which it might be determined what proportion the value of lot No. 5 bore to the total value of the three lots assessed to the plaintiff.

This action of assumpsit was then brought to recover what the plaintiff claimed was the proportional share of the total tax paid on the three lots which should have been borne by lot No. 5. There were two special counts setting forth the claim, basing the proportional share on relative area of the lots, together with an omnibus count which contained a claim for money paid by the plaintiff to the use of the defendant. The action was commenced in the Sanford Municipal Court which decided for the defendant. The plaintiff appealed to the January Term of the Superior Court for the County of York, where it was heard by the presiding justice with right of exceptions to matters of law reserved. The justice found for the defendant. The bill of

exceptions states "Plaintiff claims that this finding is based upon an error of law and that he is aggrieved thereby." It is upon this bill of exceptions that the case is now before this court.

Nowhere in the bill of exceptions does it appear what the error of law is upon which the plaintiff claims the justice based his decision. The sufficiency of the bill of exceptions might well be questioned for failure to particularize. See *Gerrish, Executor* v. *Chambers et al.*, 135 Me. 70, 79; *Dodge* v. *Bardsley et al.*, 132 Me. 230; *Edwards* v. *Estate of Williams*, 139 Me. 210; *In Re Hooper Estate*, 136 Me. 451; *Wallace* v. *Gilley and Tr.*, 136 Me. 523; *Bronson, Appellant*, 136 Me. 401. In the latter case we said:

> "It is now well settled that this Court under R. S., Chap. 91, Sec. 24 (now R. S., 1944, Chap. 94, Sec. 14) has jurisdiction over exceptions in civil and criminal proceedings only when they present in clear and specific phrasing the issues of law to be considered."

If the bill of exceptions be deemed sufficient it can, however, amount to no more than an allegation that the record as a matter of law required that the justice find for the plaintiff.

The case is presented to us upon the theory of unjust enrichment and that the defendant should reimburse the plaintiff to the extent that he has been benefited by the discharge of the tax lien on his lot. Although the taxes were legally assessed against the plaintiff, see R. S., 1944, Chap. 81, Sec. 23 and R. S., 1944, Chap. 81, Sec. 100, and although the plaintiff was personally liable to pay the taxes so assessed, and although the taxes so assessed constituted a lien on the plaintiff's lots, together with that of the defendant, which could be discharged only by the payment of the full amount of the tax assessed, the defendant was not personally liable to the town for the tax or any part thereof, it being assessed to the plaintiff.

It is the position of the defendant that the finding of the presiding justice is sustainable on either of two grounds, first: that in no event could he be liable to the plaintiff for any proportion of the taxes so assessed upon his land in common with that of the plaintiff and paid by the plaintiff; and, second: that even if he might be liable for the benefit conferred, the amount of that benefit could not have been determined by the justice upon the facts before him. It does not appear from the record upon which ground the presiding justice may have rendered his decision in favor of the defendant.

Without in any way intimating any opinion as to whether or not under any circumstances taxes assessed to a former owner under the provisions of R. S., 1944, Chap. 81, Sec. 23 and R. S., 1944, Chap. 81, Sec. 100, and paid by him can be recovered by him from the true owner, if they can be recovered under any circumstances, it is only upon the theory of unjust enrichment. In such case the burden is upon the plaintiff to prove the extent to which the defendant has been unjustly enriched by him. Unlike actions brought to recover for an invasion of the plaintiff's right and where nominal damages are recoverable if the invasion of the plaintiff's right be established, 15 Am. Jur. 795, Sec. 356, in actions brought to recover for unjust enrichment for benefits conferred by act of the plaintiff and retained by the defendant, the plaintiff can only recover for such benefits as he proves are actually conferred upon and retained by the defendant.

Damages of the nature claimed in this action, if recoverable, are not given nor do they arise from the invasion of a legal right of the plaintiff by the defendant, but they are compensatory only as a return for unjust enrichment of the defendant conferred upon him by the plaintiff, which unjust enrichment is retained by him. See Restatement, Restitution, Chap. 1, Sec. 1. Actual or compensatory damages are not to be presumed but must be proved. The re-

covery is limited to such damages as are established by the evidence. 15 Am. Jur. 795, Sec. 356.

When recovery may be had *only for actual damage sustained* the record must contain evidence from which damage in a definite amount may be determined with reasonable certainty. While the determination thereof may be the result of the exercise of judgment applied to facts in evidence, those facts must be such as to allow the amount of damages to be determined therefrom with reasonable, as distinguished from mathematical, certainty by the exercise of sound judgment. The determination of the amount must not be left to mere guess or conjecture. As said in 25 C. J. S. 491:

> "However, reasonable certainty is sufficient; absolute certainty is not required; it is sufficient if a reasonable basis for compensation is afforded, although the result be only approximate; what is required is that evidence of such certainty as the nature of the particular case permits be produced."

Applying these rules to the present case, the relative areas of lots of land situate as these lots were situated, even though there was no substantial difference in the terrain of the several lots, do not afford a basis for the determination of the proportion that the value of any one of them bore to the total value of all of them. It is common knowledge that many factors other than square footage of area enter into the determination of land values. While the relative value of lot 5 might have easily been susceptible of proof, no evidence of its value or the value of lots 6 and 7, or the value of lots 5, 6 and 7 was even attempted. On the record before him the assignment of any definite value to lot 5 or a determination of the proportion that the value of lot 5 bore to the values of lots 5, 6 and 7, or the relation that the value of lot 5 bore to the value of lots 6 and 7 would have been at best a pure guess by the presiding justice and based upon mere conjecture.

In this case a single tax was assessed upon a single parcel of land.  This parcel of land constituted a corner lot bordering upon two streets.  The portion of this parcel of land conveyed to the defendant was situated only upon one street and was the lot furthest from the corner.  The presiding justice might well have found for the defendant upon the ground that the plaintiff had failed to maintain the burden of proof which was upon him to establish the amount of the benefit conferred upon the defendant by the plaintiff's payment of the tax and that upon the record before him he was unable to determine the amount of such benefit.  He might well have found that the plaintiff did not establish the value of the benefit conferred upon the defendant by the production of evidence of such certainty as the nature of the case permitted.  This being true, he would be justified, without violating any principle of law, in finding for the defendant.  The plaintiff in this case having failed to establish that the presiding justice violated any principle of law in his decision the exceptions must be overruled.

*Exceptions overruled.*