Ted HILL, Appellant (Defendant below),

v.

C. T. HAMILTON, d/b/a Mountain States Realty, Appellee (Plaintiff below).

No. 3039.

Supreme Court of Wyoming.

Feb. 27, 1962.

Ernest Wilkerson, Casper, for appellant.

H. B. Harden, Jr., of Harden & Harden, Casper, for appellee.

Before BLUME, C. J., and PARKER, HARNSBERGER, and McINTYRE, JJ.

Mr. Justice HARNSBERGER delivered the opinion of the court.

Plaintiff, a licensed real estate broker, sued defendant to recover a commission of $2,940 as an agreed six percent of the sale price of $49,000 for the "Arcade Bar Business." The complaint alleged defendant had listed for sale with plaintiff the Arcade Bar business, including its liquor license and a lease upon the business premises; that plaintiff obtained a buyer who was ready, willing and able to purchase the business at the price and in accordance with the requirements of defendant; and that on February 5, 1960, defendant and the prospective purchaser entered into a written contract of sale which provided a gross purchase price of $49,000. Defendant filed a general denial.

A report of pretrial conference, signed by the judge, submitted to the parties and not excepted to by either of them, stated it was agreed "plaintiff received a non-exclusive listing from the defendant for the sale of the Arcade Bar Business, being property comprising a saloon, package liquor business and leasehold"; that plaintiff found a prospective buyer; "and a written agreement of sale was prepared by the plaintiff, or his authorized employee," and was signed by the potential buyer, but "was never consummated between defendant and the expected buyer."

The pretrial report also recited that the plaintiff contended he completed his full obligation under the listing.

The report also set forth that the defendant contended the written agreement as signed by the prospective buyer was presented to him, but he would not accept it as written, but changed the proposed price of $47,500, as set forth in the written instrument when the prospect signed it, to $49,000, and changed the 10-block limitation upon defendant's engaging in a competing business to read 1 block, and changed the non-competition clause by adding the words "for a period of 2 yrs."; that these changes were approved by plaintiff and defendant signed the instrument, but the prospective buyer

never consented to the changes, or if a consent was given it was not communicated to the defendant, and there was never a meeting of the minds of the parties nor a final binding agreement between them obtained by the plaintiff. Defendant also contended the proposed sale contract was contingent upon renewal of a five-year lease of the business premises, but that such lease renewal could not be secured by either the defendant or the prospective buyer, and that the prospect could not qualify to obtain a transfer of the liquor license because of inability to secure the necessary lease renewal. In short, the defendant maintained there was no contract because the prospect failed to bind himself to the terms of the written agreement as changed by defendant, and the prospective buyer failed to fulfill the condition precedent of securing a lease which qualified him to obtain transfer of the liquor license.

Plaintiff generally denied defendant's contentions and alleged the prospective buyer had accepted defendant's change in the price named in the written agreement and that the buyer's acceptance of the same was communicated to the defendant.

Upon the issues thus formed, the case was tried to the court which gave plaintiff judgment for $2,450, together with costs.

From this judgment defendant appeals, asserting in his brief as basis therefor:

"The defendant and a buyer of plaintiff's agreed between themselves to sell and buy the business in Casper known as the Arcade Bar under certain conditions. These conditions and the time for fulfilling them were of the essence of the contract. The real estate agent was a party to the contract. The right of the real estate agent to his commission for the sale failed when the contract failed. The contract failed through no fault of the defendant but because the buyer could not perform the conditions precedent to the defendant's being able to sell him the property. * * *"

This statement concedes there was a contract of purchase and sale between the defendant and the prospect and that the plaintiff was a party to that contract. However, it assumes that contract contained as a condition precedent to there being any contractual obligation binding upon defendant that the prospect procure a lease of the business premises and that time was made of the essence of the contract. We find no such requirement set forth in the written instrument upon which plaintiff relies as constituting the contract between the parties, nor do we find in the evidence favorable to plaintiff that there was any such agreement between them which required the prospect to obtain such a lease or that time was of the contract's essence.

Among qualifications necessary to permit the granting of a liquor license in this State is the requirement that the building in which such beverages are to be sold is either owned by the licensee or that the licensee be possessed of a written lease thereon for the full period of the license, § 12–9, W.S. 1961 Cum.Supp. The license is a personal privilege and its term is for one year, § 12–13, W.S.1957, and as a consequence a renewal of the license is required each year in order to be licensed. The owner or holder of a license has a preference right to a new license for the same location, § 12–11, W.S.1957, and upon expiration of any license the owner has a preference right to a new license if such license may be granted under the act, § 12–13, W.S. 1957. The owner and holder of a retail liquor license "by an actual bona fide sale to be made in good faith" may assign and transfer such license, subject to approval of the licensing authority, and if the assignee and transferee is possessed of the necessary qualifications to take and hold the license, § 12–13, W.S.1957.

As we view this matter, the only real issue is: Upon whom did the duty rest to secure a sufficient lease or a re-lease or renewal lease of the premises whereon the business had been and was to continue to be operated under the retail liquor license

owned and held by defendant or under any preference right for its renewal?

It seems too plain to admit of argument that defendant had nothing to sell in the way of a licensed liquor business unless that business was in good standing under the licensing laws of this State at the time of its transfer. Among other things, this required ownership of the premises where the business was operated under the license, or a lease, or a renewal thereof, upon the premises for the full term of the license transferred. Furthermore, the pretrial order established that defendant agreed he had listed the leasehold as well as a saloon and package liquor business for sale with plaintiff. Defendant had nothing to sell unless he owned a sufficient lease upon or owned the building in which the license was utilized. He had no license unless he had the right of occupancy of the premises where the liquor business was conducted and was to be continued. The mere circumstance that the business listed for sale would be nonexistent unless the necessary right of occupancy was continued did not relieve defendant from fulfilling the obligation of his listing. If defendant, through his own fault or inability, became unable to deliver that which he had contracted to sell that would not excuse his performance of the contract of purchase and sale, and defendant's inability to obtain continuance of the leasehold upon which his liquor license depended would not relieve him from the obligation he incurred by listing with plaintiff the Arcade Bar business for sale.

Had the prospect secured the lease in his own behalf, defendant could not have exercised his preference right of renewal upon the premises, because defendant would then have been neither the owner nor the lessee of those premises. Defendant's assignment or transfer of the license alone to the prospect would have been a futile act and would have clothed the prospect with nothing sufficient to entitle him to the approval of the transaction by the licensing authority.

The duty of the defendant to produce in toto that which he had contracted to sell was positive and obligatory, and defendant could not escape liability for payment of the agreed commission to the plaintiff, even had defendant been unable to secure a new lease or a renewal of a lease of the premises whereon and wherein the business was licensed to be conducted. However, the record reveals defendant did secure a lease which enabled him to get a renewal of the liquor license. This left defendant without any excuse, either legal or moral, for not making transfer of the business to the prospect, subject only to the approval of the licensing authorities.

The absence of the prospect's initialling of the additional changes appearing only upon the written instrument, which was left at all times in defendant's possession, and produced by defendant as a copy of the contract, was an item of evidence weighing heavily in the scale to show those additional changes were not a part of the contract between the parties which they had both signed. Whether the contract of sale was evidenced by plaintiff's exhibit, which showed only the amount of consideration had been altered, or was evidenced by the defendant's exhibit which showed some additional alterations relative to defendant's reengaging in competitive business, was a matter of fact to be decided by the trial court. Both exhibits bear the signatures of the parties. However, plaintiff's exhibit shows the alterations consisted only of the change in the consideration and that was initialled by both parties. The defendant's exhibit does not show the additional changes relating to the competitive matter were initialled by the prospect. Added to this, the evidence favorable to plaintiff is clear that the additional changes were not made until after the agreement was signed by both parties to the contract of purchase and sale, and were never consented to by the prospect. How or when or by whom those changes were made is a matter about which we do not see fit to speculate.

From what has been said the obvious conclusion must be that the contract of purchase and sale brought about through plaintiff's efforts was not consummated because of defendant's fault. The plaintiff earned

the agreed commission and was entitled to be paid for the service rendered.

We believe it unnecessary to recount in detail the evidence favorable to plaintiff respecting the matters of acceptance and communication of the changed consideration, as our examination of the record satisfies us there is sufficient to justify the court's judgment.

The judgment is affirmed.

Affirmed.