Martin B. Stecher, J.
The plaintiff, a voluntary hospital corporation, moves for summary judgment in an action for a balance of $346.18 alleged to be due for services and drugs on an account which apparently ran for -several years involving more than 100 separate items.
The answering affidavit raises almost no issue, except lack of knowledge -of the extent, if any, of the indebtedness and the plaintiff’s failure to respond to a demand for a bill of particulars. Under ordinary circumstances, such a response would raise no issue and judgment would be granted. But if an assessment -of damages is necessary (CPLR 3212, subd. [c]) and requires the same evidence as would be required on a trial, no useful purpose would be served by a resort to summary judgment (Williamson v. Ditmars Theatre, 30 A D 2d 785, 786). There is no question that the necessity for plaintiff’s various ministrations to the defendant and the fair and reasonable value thereof would have to be proved on an assessment and this is substantially the proof which would have to be offered on a trial.
The issue, then, is can damages be fixed without a hearing, or is there a “triable issue of1 fact as to damages” (CPLR *593 3212, subd. [c])? The yardstick for determining whether or not an assessment by the court is necessary is the same here as it is in the case of a default judgment: Is plaintiff’s claim for a sum certain or a sum which by computation can be made certain” (CPLB 3215, subd. [a])? I hold it is neither.
The moving affidavit makes no allegation that there was an agreement as to price. It contains a classic averment of quantum meruit, alleging that the sums sought “ are reasonable ”. In the absence of an express agreement made after all services have been rendered, a hospital bill is a poor candidate for the “sum certain” treatment. Many of the services rendered a patient are usually determined on an ad hoc basis so that when he enters the hospital no one can possibly know what the total charges will be. "What the patient thus agrees to pay is the reasonable value of the hospital’s services; and the hospital’s claim is for quantum meruit which precludes the entry of judgment without an assessment (Maxwell v. First Port Jefferson Corp., 31 A D 2d 813; Greer, Du Bois & Co. v. Scott & Sons Co., 25 A D 2d 423).
It may be argued that certain charges — such as a daily room rate — are previously determined and capable of being fixed by computation (daily rate times number of days); but if any part of the claim is not certain or capable of being made certain by computation, no part of the claim is subject to the entry of judgment without judicial assessment (Hotel Syracuse v. Brainard, 256 App. Div. 1055; Davis v. Sisti, 3 Misc 2d 132).
The bulk of the charges in the statement annexed to the moving papers are for unspecified drugs. In some instances, ■they are for as much as $30. In others for as little as 60 cents. In some instances, Medicare and Medicaid sums are treated as credits and in others as charges.
It is apparent that hospital bills must be proved and, except in rare instances, judgment may not be entered on them, by default or by summary judgment without an assessment.
The motion is denied.