Per Curiam.

In this action by a hospital on its bill for services and materials rendered, opposition to plaintiff’s motion for summary judgment is embodied in defense counsel’s affidavit which asserts lack of knowledge of the facts constituting plaintiff’s claim and alleges that defendant has a meritorious defense.
Although an affidavit by an attorney will ordinarily be unacceptable, this affidavit in opposition will not be rejected by this court. Defendant’s attorney stated therein that the defendant *179 is paralyzed and cannot write. However, it appears that the defendant can and did communicate with his attorney, and the attorney’s affidavit though on information and belief may in these circumstances serve some evidentiary purpose.
Once a prima facie showing is made by the plaintiff on his motion for summary judgment, the burden is upon the defendant to come forward with opposing papers demonstrating the presence of triable issues of fact (see Holdridge v. Town of Burlington, 32 A D 2d 581 [1969]). This burden is not met merely by repetition or incorporation by reference of allegations contained in pleadings (Indig v. Finkelstein, 23 N Y 2d 728 [1969]). General averments do not suffice (Steingart Assoc. v. Sandler, 28 AD 2d 801 [1967]).
Ours is not a situation where a defendant has defaulted in appearance and answer. A motion for summary judgment pursuant to CPLR 3212 is necessarily predicated upon issue being joined. The only issue purported to be raised by defendant in opposition to the motion herein is one of lack of knowledge, which must be viewed in the context of the pleadings and plaintiff’s proof submitted on said motion. So viewed, such issue only affects the question of damage. Reason dictates and the circumstances delineated in the record warrant the conclusion that this is an unusual case in which critical facts relating to the issue of damage are exclusively and peculiarly within the knowledge of the moving party (see CPLR 321£, subd. [f]; Overseas Reliance Tours & Travel Serv. v. Sarne Co., 17 A D 2d 578 [1st Dept., 1963]).
Consequently, on the facts herein, summary judgment should have been granted in favor of plaintiff on the issue of liability and an immediate assessment of damages should have been ordered (see CPLR 3212, subd. [c]). This is not a situation where affirmative defenses, such as payment or nonnecessity of services were raised (cf. Williamson v. Ditmars Theatre, 30 A D 2d 785, 786 [1st Dept., 1968]). Here, an assessment will not involve the same evidence as would proof of liability at a trial.
The dicta in the decision below regarding the unavailability of a default judgment to a plaintiff hospital in an action on its bill for services and materials rendered is inappropriate for resolution of the instant summary judgment matter. Consequently, this court does not pass upon the propriety of the directives of the Administrative Judge of the Civil Court of the City of New York, based upon the dicta below, relating to default judgments.
*180 The order should be reversed, with $10 costs, motion granted, judgment directed for plaintiff, and case remitted to the court below for the assessment of plaintiff’s damages.
Concur — Lupiano, J. P., Fine and Frank, JJ.
Order reversed, etc.