**STEEL SERVICE CENTER**

v.

**PRINCE MACARONI MFG. CO.[1]**

Supreme Judicial Court of Maine.

Argued Nov. 16, 1981.

Decided Dec. 22, 1981.

Rocheleau, Fournier & Lebel, Paul C. Fournier (orally), Lewiston, for plaintiff.

Warren C. Shay (orally), Skowhegan, for Prince Macaroni Mfg. and U. S. Fidelity and Guaranty Co.

Bagshaw & Babson, David Babson, Gloucester, Mass., for Feldman Const. Co.

Before McKUSICK, C. J., and NICHOLS, ROBERTS, CARTER and VIOLETTE, JJ.

VIOLETTE, Justice.

In June 1979, plaintiff, Steel Service Center filed suit against four defendants, Prestressed Concrete Industries, Feldman Construction Co., Prince Macaroni Mfg. Co., and United States Fidelity and Guaranty Co., seeking payment for materials delivered to a job site in Auburn, Maine. The appellant, Prince Macaroni Mfg. Co. (Prince), failed to file an answer to the complaint and upon motion by the plaintiff, a default and default judgment was entered by the Clerk of Courts against Prince

---

1. We have changed the title of the case because Prince Macaroni Mfg. Co. is the only defendant in this appeal.

in the sum of $19,044.23 plus costs. Prince's motion for relief from judgment, made on the ground of excusable neglect of counsel, was denied in Superior Court, Androscoggin County. From that ruling, Prince takes this appeal.[2] We affirm the default, but vacate the judgment entered in the sum of $19,044.23 as void because it was not authorized under the provisions of M.R.Civ.P. 55(b)(1).

▮ Rule 55(c) of the Maine Rules of Civil Procedure provides that "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." A party seeking relief from a default entry and a resulting default judgment on the ground of excusable neglect (M.R.Civ.P. 60(b)), addresses his motion to the discretion of the presiding judge. *See Porges v. Reid*, Me., 423 A.2d 542, 544 (1980). In the case at bar, the affidavit of Massachusetts counsel attached to the motion for relief from judgment, stated that he had "through inadvertence evidently omitted to forward to Maine counsel" the summons for Prince. The affidavit further stated that because Massachusetts counsel was handling several suits against Prince at that particular time, his neglect to send the summons in this case to Maine counsel was excusable. We find no abuse of discretion by the presiding judge in his determination that counsel's failure to forward the summons did not constitute excusable neglect.

▮ Nonetheless, we vacate the judgment entered by the Clerk of Courts because there was no "sum certain or sum which [could] by computation be made certain" as Rule 55(b)(1) of the Maine Rules of Civil Procedure requires for the entry of a default judgment by the Clerk of Courts.[3] The Clerk's function in entering the judgment is purely ministerial. *See Board of Overseers of the Bar v. Lee*, Me., 422 A.2d 998, 1005 (1980). The Clerk has no power to enter a judgment for an amount which is not a sum certain or which cannot be made certain by computation; this power lies in the court. See M.R.Civ.P. 55(b)(1) & (2).

▮ In the case at bar, plaintiff alleged in its complaint that the defendant, Prince, had been unjustly enriched in the sum of $18,498.38—the cost of the materials delivered. The measure of recovery under the doctrine of unjust enrichment is the value of such benefits as the plaintiff proves are actually received and retained by the defendant. *See McDougal v. Hunt*, 146 Me. 10, 13, 76 A.2d 857, 860 (1950). The amount of benefit to the defendant is a question of fact. Accordingly, we hold that the plaintiff's claim against Prince was for an amount which was subject to determination by the court pursuant to M.R.Civ.P. 55(b)(2) and consequently, was not a sum certain or one which could be made certain by computation. The Clerk of Courts exceeded his power and the resulting default judgment is void. *See Downing v. O'Brien*, Me., 325 A.2d 526, 528 (1974). The entry is:

Denial of motion to set aside default affirmed.

Default judgment vacated and remanded for proceedings consistent with the opinion herein.

All concurring.

---

2. Prince appealed to the Law Court immediately after the ruling denying its motion was made. Because of the remaining claims against the other three defendants, we remanded the case for further proceedings necessary to dispose of the other claims, or in the alternative, entry of an order pursuant to M.R.Civ.P. 54. Prince filed a motion in Superior Court for a Rule 54(b) determination, that motion was granted, and notice of appeal to the Law Court was timely filed.

3. The defendant's motion concerning this matter was labeled a Rule 60(a) motion for relief from a clerical error. The substance of the motion, however, addressed the issue of whether a sum certain existed upon which the Clerk of the Courts could enter a default judgment and therefore, the motion was properly a Rule 60(b) motion. For the purpose of this appeal we consider the merits of the motion, and not its improper label.