**Sheila OLMSTEAD**

v.

**Terrance S. HAMBLET.**

Supreme Judicial Court of Maine.

Argued Sept. 19, 1983.

Decided Oct. 6, 1983.

Matthew S. Goldfarb (orally), Portland, for plaintiff.

Charles D. Jamieson (orally), Gray, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

MEMORANDUM OF DECISION.

Terrance S. Hamblet appeals from the refusal of the Superior Court, Cumberland County, to grant relief from a default judgment entered in the District Court. Because the Superior Court order stated, in part, "[t]he Court concurs with the District Court Judge", Hamblet contends that he was denied a *de novo* determination as then

required under M.D.C.Civ.R. 60(c).[1] A reading of the entire order reveals that the presiding justice did indeed make an independent decision that "defendant has failed to present adequate competent evidence ... [of] excusable neglect."

 Hamblet also argues that the Superior Court abused its discretion in denying relief upon uncontradicted evidence that the default occurred as a result of a misfiling of the complaint in a defense attorney's office. We do not agree. We conclude that the Superior Court acted well within the range of proper discretion and in accord with our decision in *Steel Service Center v. Prince Macaroni Manufacturing Co.,* 438 A.2d 881 (Me.1981).

The entry is:

Judgment affirmed.

All concurring.

1. Effective February 1, 1983, Rule 60(c) was

amended to delete the hearing *de novo.*