Albert C. BELANGER, Sr. d/b/a Albert C. Belanger & Son

v.

Mark J. HAVERLOCK, et al.

Supreme Judicial Court of Maine.

Argued Jan. 12, 1988.
Decided Feb. 29, 1988.

---

William K. McKinley (orally), Richardson & Troubh, Portland, for plaintiff.

Andrew M. Mead (orally), Mitchell & Stearns, Bangor, for defendants.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and CLIFFORD, JJ.

WATHEN, Justice.

Plaintiff Albert C. Belanger, Sr. appeals from a Superior Court order (Penobscot County) affirming a District Court judg-ment. The District Court found that defendants Mark and Bethany J. Haverlock were not liable for any further payment on a construction contract between defendants and plaintiff because of plaintiff's failure to satisfy the contractual completion date. We find no error and affirm the judgment of the District Court.

In September of 1984, the parties entered into a construction contract calling for plaintiff to build defendants a house. The contract price of $66,000 was payable in three installments conditioned upon the completion of specified phases of construc-tion. The parties agree that the payment schedule was not intended to reflect the value of labor and materials incorporated into the building during any particular phase. In the event of unsatisfactory com-pletion of any phase of construction, the contract required that plaintiff be notified in writing what work remained to be done before the installment would be paid. Fi-nally, the contract specifically required that the house be completed by December 31, 1984.

The first phase of construction was com-pleted without difficulty and the first pay-ment of $20,000 was made. When plaintiff requested the phase II payment on Decem-ber 11, however, defendants refused to pay because a portion of phase II work on the roof was incomplete. Moreover, it did not seem possible that the project could be completed within the time specified in the contract. Defendants gave no written noti-fication of the basis for their refusal to make the phase II payment. After discus-sion, defendants agreed to allow plaintiff to proceed with construction through Janu-ary, and advanced $5,500 of the phase II installment. When the house remained in-complete at the end of January, however, defendants ordered plaintiff from the work-site.

Plaintiff commenced suit in District Court seeking the $15,000 balance of the phase II payment for breach of contract. The District Court found that plaintiff breached the construction contract on De-cember 11, 1984, because, as of that date, construction could not have been completed

by the contract deadline. The District Court found that the contract was nonseverable and that the $25,500 received by plaintiff, had adequately compensated him for the full value of the labor and materials incorporated in the construction of the house. Plaintiff now appeals the Superior Court's affirmance of that judgment.

■ Plaintiff first asserts that the District Court erred in finding that the construction agreement at issue was a single, nonseverable contract. Plaintiff seeks the $15,000 balance of the second installment payment and argues that phase II constitutes an individual contract that he has substantially performed. It is well established, however, that the severability or entirety of a contract depends upon the intent of the contracting parties, and that intent is a question of fact. *See Dehahn v. Innes*, 356 A.2d 711, 716 (Me.1976); *Levine v. Reynolds*, 143 Me. 15, 21, 54 A.2d 514, 518 (1947). It is agreed that the installment payments were not intended to reflect the fair market value of goods and materials expended in the completion of each phase. Moreover, it is unlikely that the parties would have negotiated for anything less than the complete construction of the house. In light of these facts, the District Court's finding that there existed a single, nonseverable contract between the parties is not clearly erroneous. *Harmon v. Emerson*, 425 A.2d 978, 982 (Me.1981). Further we find that competent evidence supports the District Court's determination that defendants did not materially breach the contract by failing to notify plaintiff of the reasons for their refusal to tender the phase II payment. The District Court found that plaintiff had breached the contract by the time of the December 11 requisition be-

cause it was evident at that point that the house could not be completed by December 31. This finding is strengthened by the fact that plaintiff's subsequent attempts to remedy that breach were unsuccessful, despite the additional month that he was given to complete the construction.

■ With regard to damages, the District Court found that the $25,500 plaintiff received satisfied plaintiff's claim for relief on the basis of *quantum meruit*. It is well established that the proper measure of recovery in *quantum meruit* is the value of any benefits received and retained by defendant. *Steel Service Center v. Prince Macaroni Mfg. Co.*, 438 A.2d 881, 882 (Me. 1981); *see McDougal v. Hunt*, 146 Me. 10, 13, 76 A.2d 857, 860 (1950). Relying on plaintiff's bills for labor and materials, which included a 10% mark-up for profit, the District Court found that the full value of the labor and materials provided by plaintiff was approximately $23,000. The court's estimation is based on competent evidence and is without clear error. *Harmon*, 425 A.2d at 892. The District Court committed no error in determining that plaintiff failed to establish any entitlement to additional payment.[1]

The entry is:

Judgment affirmed.

All concurring.

1. Even if plaintiff had succeeded in proving that defendants breached the contract, his contract damages would have been no greater than those he received based on *quantum meruit*. A nonbreaching party is entitled to the benefit of his

bargain, but he bears the burden of proving his damages. *Dairy Farm Leasing Co., Inc. v. Hartley*, 395 A.2d 1135, 1138 (Me.1978). Plaintiff submitted no evidence of the profit that he was to derive from the completed contract.