**DMM, Appellant (Defendant/Petitioner),**

v.

**DFH, Appellee (Plaintiff/Respondent),**

and

**In The MATTER OF AEH, a Minor Child.**

**No. C–97–1.**

Supreme Court of Wyoming.

March 24, 1998.

Robert J. O'Neil (argued), Gillette, for Appellant.

William U. Hill, Attorney General; Michael L. Hubbard, Deputy Attorney General; and Dan S. Wilde (argued), Assistant Attorney General, for Appellee.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

LEHMAN, Justice.

DMM (Father) appeals from a district court order denying his motion for relief from a default judgment which established paternity and directed the payment of child support. We affirm and award attorney fees to DFH (Mother).

### ISSUES

Father, as appellant, presents four issues:

1. Is there a requirement for an Informal Hearing in a paternity proceeding when a default is issued against the putative father?

2. Is there a requirement for an evidentiary hearing to be held in a paternity proceeding when a default has been entered against a putative father?

3. Is there a requirement for genetic tests to be ordered when a request for genetic tests made by a putative father is made to the attorney for the mother and not directly to the Court, but when the request for genetic tests is communicated to the Court?

4. Under the totality of the circumstances of the paternity proceeding in question, is the Judgment and Order issued void?

The State of Wyoming, Department of Family Services, Child Support Enforcement, responds on behalf of Mother:

1. Is the District Court required to hold hearings as provided by WYO. STAT. §§ 14–

2–108(a) and 14–2–107 when the putative father has defaulted?

2. Is a verbal request made to the opposing party's attorney's secretary an effective application to the court for an order for genetic testing?

3. Is the default judgment of paternity and support enforceable?

### FACTS

On July 29, 1993, Mother filed a petition to determine the existence of a father and child relationship and for child support. The court appointed a guardian ad litem and made the minor child a party to the action. Father was served with the petition on August 3, 1993, but did not answer or otherwise appear. On August 24, 1993, in response to Mother's application, the clerk of the district court entered default. Mother filed an application for a default judgment on August 26, 1993. The court entered judgment on September 7, 1993, finding Father to be the natural father of the child and directing the payment of child support. An income withholding order was entered the same day. Father did not appeal from the judgment and paid over $12,000 in child support and fees in accordance with the judgment and order over the next three years.

On June 10, 1996, Father filed a motion for relief from the judgment pursuant to W.R.C.P. 60(b)(4) on the basis that the judgment was void. Father challenged the judgment on the grounds that the court did not comply with certain provisions in the paternity statutes and the Wyoming Rules of Civil Procedure. The court conducted a hearing on Father's motion for relief from the judgment and subsequently denied the motion on August 20, 1996. Father timely appeals.

### DISCUSSION

■ "The granting or denying of relief pursuant to W.R.C.P. 60(b) is a matter within the discretion of the trial court, and our review is limited to the question of whether there has been an abuse of discretion." *State ex rel. TRL by Avery v. RLP*, 772 P.2d 1054, 1057 (Wyo.1989). When a judgment is attacked pursuant to Rule 60(b)(4), however, there is no question of discretion in granting or denying relief—either the judgment is void, or it is valid. *Id.* Once that determination is made, the trial court must act accordingly. *Id.* "A judgment is not void merely because it is erroneous. It is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2ND § 2862, at 326–29 (1995) (footnotes omitted); *see also, In Interest of WM*, 778 P.2d 1106, 1110 (Wyo.1989).

■ Father assigns as error the court's failure 1) to hold an informal hearing as required by W.S. 14–2–108(a); 2) to hold an evidentiary hearing pursuant to W.R.C.P. 55(b)(2) prior to entering a default judgment; and 3) to order genetic tests pursuant to W.S. 14–2–109(b). Personal jurisdiction is not at issue in this case. The district court had subject matter jurisdiction in this case pursuant to W.S. 14–2–106 (1997). It is true that a plain usurpation of power or the extension of jurisdiction beyond the scope of the court's authority will result in a void judgment. *In Interest of WM*, 778 P.2d at 1110. However, that is to be distinguished from an error in the exercise of the jurisdiction of the court, which must be addressed by appeal or other direct review rather than by a Rule 60(b) motion. *Id.; Matter of TRG*, 665 P.2d 491, 498 (Wyo.1983). Father does not contend, nor does the record support a contention, that the court usurped the power extended to it by statute or acted outside its authority when it entered the default judgment.

■ Father is left, then, with the argument that the court acted in a manner which deprived him of his due process rights. We conclude that it did not. In *A.P. v. State, Dep't of Health & Human Servs. ex rel. B.L.S.*, 849 P.2d 703 (Wyo.1993), we upheld a default judgment on paternity and child support entered after A.P. failed to appear at a scheduled hearing. In so holding, we evaluated whether the procedures followed by the district court were adequate to guard the appellant's interests:

We are well aware that failure to adhere to the procedural requirements of these statutes may cause a judgment rendered under them to be void. *Matter of TLB*, 771 P.2d 811 (Wyo.1989). * * * Nonetheless, we are comfortable that AP had notice of the hearing, an opportunity to be heard, and was accorded the process due under all the circumstances of this case. That he was not heard is attributable only to himself. The result achieved was appropriate. The district court did not err, under the circumstances of this case, in entering default against AP, nor did it abuse its discretion in refusing AP relief from that default.

*Id.* at 705.

Here, Father was personally served with the petition to establish paternity and set child support. He chose not to answer the petition or to otherwise appear in the action. One effect of his failure to answer was his admission of the allegations in Mother's petition. *See* W.R.C.P. 8(d). As such, there was no practical purpose to be served by holding an informal hearing or ordering genetic testing. *See Matter of Paternity of JRW*, 814 P.2d 1256, 1261 (Wyo.1991) (informal hearing and genetic testing mandatory in the case of an initial, *contested* paternity determination). In addition, the rules of civil procedure do not require that notice of the application for default judgment be given the defaulting party except when that party has appeared in the action. W.R.C.P. 55(b)(2). Rule 55(b)(2) authorizes the court to conduct an evidentiary hearing when necessary, but does not mandate such a hearing. In any case, the record demonstrates that Father had notice of Mother's application for default judgment, and he therefore could have sought a hearing at that time.

Father was given proper notice of the allegations against him. As in *A.P.*, Father's failure to be heard was attributable only to himself. He cannot now be heard to complain that he was denied due process of law. The Judgment and Order is valid, and the court properly denied Father's motion for relief.

■ Mother seeks attorney fees and costs pursuant to W.R.A.P. 10.05, contending that there was no reasonable cause for an appeal. We do not normally award damages or attorney fees under Rule 10.05 when the appellant presents issues regarding discretionary rulings of the trial court. *Hedrick v. Hedrick*, 902 P.2d 723, 724 (Wyo.1995). As discussed above, however, a ruling under W.R.C.P. 60(b)(4) is not discretionary. Father failed to ascertain relevant governing authorities or cite pertinent authority to substantiate his claims of error. *Phifer v. Phifer*, 845 P.2d 384, 387 (Wyo.1993). We therefore certify that there was no reasonable cause for Father's appeal. Mother shall submit a statement of costs and attorney fees to this court and, upon review, appropriate costs, fees and penalty will be awarded.

Affirmed.