**EXOTEX CORP., a Nevada corporation, Appellant (Defendant),**

v.

**James H. RINEHART, d/b/a Western United Realty, Appellee (Plaintiff).**

**No. 97–234.**

Supreme Court of Wyoming.

April 5, 2000.

Representing Appellant: Douglas W. Weaver, Wheatland, Wyoming.

Representing Appellee: Kevin D. Huber of Huber Law Offices, P.C., Laramie, Wyoming.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and TAYLOR, * JJ.

THOMAS, Justice.

In this case, we hold that a default judgment entered by a clerk of court pursuant to W.R.C.P. 55(b)(1) is void when the theories of recovery that are pleaded do not permit a conclusion that the plaintiff's claim "is for a sum certain, or for a sum which can by

* Chief Justice at time of expedited conference and retired November 2, 1998.

**827**

computation be made certain." The district court denied a motion to set aside the default judgment entered by the clerk of court. A district court has no discretion to refuse to set aside a void judgment upon application for that relief, and we reverse the Order Denying Defendants' Motions. The case is remanded to the district for further proceedings in accordance with this opinion.

■ The issue upon which we decide this case is one we raise on our own motion: [1]

Does a district court have any discretion to refuse to set aside a default judgment entered by the Clerk of the District Court when the requirements of W.R.C.P. 55(b)(1) are not satisfied? [2]

On May 3, 1994, Ronald Brewer, president of Exotex Corporation (Exotex), signed a listing contract with Western United Realty (Western). James Rinehart (Rinehart) signed the contract on behalf of Western. The agreement provided that Western would serve as a broker to sell a parcel of land in Albany County owned by Exotex. In return, Western was to receive a commission of six percent of the selling price.

■ By its terms, the listing contract expired on October 1, 1994. Nonetheless, Rinehart continued his efforts to sell Exotex's land, and Brewer allegedly agreed verbally to honor the contract terms should Rinehart produce a buyer. Rinehart found a buyer who, on January 22, 1997, signed an offer to purchase the parcel for $350,000.00. The executed Offer, Acceptance and Receipt Specific Performance Contract was amended by deleting Exotex as a seller. The terms of the offer specified that it must be accepted no later than 5:00 p.m. that same day. Brewer signed his acceptance of the offer the next day. For reasons that are not important to this discussion, the sale was never closed. A sale is a prerequisite for a claim for a commission under the law of Wyoming,

and if there is no sale the broker or agent must pursue an action for damages for breach of his contract.

Rinehart filed suit against Exotex and Brewer on April 8, 1997. His complaint stated claims for both intentional interference with prospective advantage and quantum meruit. He asked for his six percent commission on the $350,000.00 offer ($21,000.00), plus costs. Brewer was served in his individual capacity in his home state of Texas. Service on Exotex was accomplished by serving its registered agent in Cheyenne. In apparent accordance with a previous agreement, the agent for service sent the summons and complaint to an individual in Nevada with the expectation that that person would forward it to Exotex. Seemingly due to an oversight, the summons and complaint remained in a file in Nevada.

At Rinehart's request, the clerk of court entered a default against Exotex on May 1, 1997. On the same day, the clerk of court filed and entered a judgment by default in the amount of $21,000.00 plus costs of $55.00. The Judgment by Default recites, in pertinent part:

This Default Judgment is rendered pursuant to Rule 55(b)(i) in that Plaintiff's claim against Defendant, Exotex Corp., is for a sum certain in the amount of $21,000, as set forth in the prayer for relief together with the incorporated contracts.

On May 19, 1997, Exotex filed a Motion to Set Aside Judgment. The district court held a motion hearing on June 27, 1997. The lack of authority in the clerk of court to entry a default judgment was never suggested to the district judge. Shortly after the hearing, the district court issued its order denying the motion. Exotex appeals that denial to this Court.

The authority for default judgments is found in W.R.C.P. 55:

---

1. The issue raised in the Appellant's Brief is:
 Did the district court err when it denied the Motion to Set Aside the Default Judgment entered against defendant Exotex?
 This Issue Presented for Review is found in the Appellee's Brief:
 1. Did the trial court abuse its discretion in denying the Defendant/Appellant's Motion

to Set Aside Judgment pursuant to Wyo. R.Civ.P. 60(b)?

2. Since the question is one of subject matter jurisdiction, we may raise it on our own motion at any time. *Brunsvold v. State*, 864 P.2d 34, 36 (Wyo.1993).

(a) *Entry.* When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

(b) *Judgment.* Judgment by default may be entered as follows:

(1) By the Clerk. When the plaintiff's claim against a defendant is for a sum certain, or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not a minor or an incompetent person;

(2) By the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against a minor or an incompetent person unless represented in the action by a guardian, guardian ad litem, trustee, conservator, or other such representative who has appeared therein. If the party against whom a judgment by default is sought has appeared in the action the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least three days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute.

(c) *Setting Aside Default.* For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

(d) *Plaintiffs; Counterclaimants; Cross–Claimants.* The provisions of this rule apply whether the party entitled to the judgment by default is a plaintiff, a third-party plaintiff, or party who has pleaded a cross-claim or counterclaim. In all cases a judgment by default is subject to the limitations of Rule 54(c).

■ The clerk of court has authority to enter a default judgment only when the amount of the claim is a sum certain or one which can be made certain by computation. Any judgment entered without such authority is void as an *ultra vires* act of the clerk. *Wunnicke v. Leith,* 61 Wyo. 191, 157 P.2d 274, 278 (1945); *LaFountaine v. State Farm Mut. Auto. Ins.* Co., 215 Mont. 402, 698 P.2d 410, 412 (1985). In this case, the assumption of all the parties and the district court was that the claim was for a sum certain, or a sum which could by computation be made certain. Close scrutiny of the record, particularly Rinehart's complaint, together with the applicable rules of law, demonstrates that the assumption is erroneous.

Rinehart's affidavit in support of his Application for Judgment by Default assumes that he was owed a commission which was either a sum certain or could be made a sum certain by computation. Our substantive law does not support this assumption, however:

> Defendant argues that plaintiff in his petition fails to allege, and in the trial fails to prove, damages for breach or termination of the contract and cites as authority 12 C.J.S., Brokers, § 17:
>
> > "The measure of damages to which a broker is entitled in case the principal refuses or fails to comply with his contract with the broker is the damage which actually results from the breach and will compensate him for the injury sustained, not exceeding the contract price for the services which he has performed. If he fails to show damages, he is entitled to recover nothing, or at most only nominal damages, and mere proof of breach of the contract is not proof that any damage was suffered."
>
> 15 Am.Jur., Damages § 44:
>
> > "As a general rule, the loss or injury actually sustained, rather than the price

paid or agreed to be paid on full performance, is the proper measure of damages for breach of a contract, notwithstanding from the nature of the subject matter such damages may be difficult of ascertainment."

and the following cases: *Patterson v. Johnson*, 187 Iowa 633, 174 N.W. 363; *Jacob v. Cummings*, 213 Mich. 373, 182 N.W. 115; *Mt. Ida School for Girls v. Rood*, 253 Mich. 482, 235 N.W. 227, 74 A.L.R. 1325; *Poinsettia Dairy Products v. Wessel Co.*, 123 Fla. 120, 166 So. 306, 104 A.L.R. 216; *Perry v. United States*, 294 U.S. 330, 55 S.Ct. 432, 79 L.Ed. 912, 95 A.L.R. 1335.

The rules thus stated and borne out by the cited cases are correct statements of the law relating to damages for breach of a broker's contract.

*Leet v. Joder*, 75 Wyo. 225, 240, 295 P.2d 733, 738 (1956); followed in *E & E Min., Inc. v. Flying D Group, Inc.*, 718 P.2d 58, 62 (Wyo. 1986).

The allegations of the complaint demonstrate that no sale of the property subject to the listing has occurred. Under *Leet*, Rinehart had the obligation of proving his damages for breach of the listing contract had he injected a theory of breach of contract. The right to the commission, which is what the claim of a sum certain is based on in this case, existed only in the event of a sale.

■ Rinehart's complaint asserted claims for quantum meruit and intentional interference with prospective advantage. Therefore, to determine whether the clerk of court had authority to enter a default judgment in this case, we must ask whether the damages for these causes of action were a sum certain, or one which could by computation be made certain, pursuant to W.R.C.P. 55(b)(1). The latter is a tort theory for which damages must be established and for which the claim cannot be for a sum certain, or a sum which could by computation be made certain.

A leading treatise explains the concept of a "sum certain" in this way:

The term "sum certain" contemplates a situation where the amount due cannot be disputed. Such situations include actions and money judgments, negotiable instruments, or similar actions where the damages sought can be determined without resort to extrinsic proof. Examples of cases which are properly treated as claims for amounts which are certain or capable of being made certain by computation include such claims as actions based on life insurance policies, actions for the recovery of deposits, actions for the face amount of notes, and claims based on other liquidated sums. The "sum certain" requirement is clearly met where the claim is for liquidated or statutory damages and clearly not met where the claim is for unliquidated damages.

46 Am.Jur.2d *Judgments* § 291 (1994). Similarly, "[t]he claim is not for a 'sum certain' where its amount is largely a matter of opinion on which qualified persons might fairly and honestly differ." 46 Am.Jur.2d *Judgments* § 291.

■ Intentional interference with prospective advantage is a tort claim. The damages available in such a case include lost profits. W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* § 130 at 1006 (5th ed.1984). "In tort actions, 'lost profits' means the expected gains from transactions which the injured party expected to complete had it not been for the tort." 22 Am.Jur.2d *Damages* § 624 (1988). Thus, the appropriate measure of damages could be the commission Rinehart would have earned had the sale closed as he expected less his expenses. That amount is not ascertainable by simply taking six percent of the agreed sale price. Therefore, a clerk of court has no authority under the Wyoming Rules of Civil Procedure to enter a default judgment on such a claim.

■ We find ample authority for the proposition that damages in an action for quantum meruit, or unjust enrichment, are not a sum certain:

The measure of recovery under the doctrine of unjust enrichment is the value of such benefits as the plaintiff proves are actually received by the defendant. *See McDougal v. Hunt*, 146 Me. 10, 13, 76 A.2d 857, 860 (1950). The amount of benefit to the defendant is a question of fact. Accordingly, we hold that the plaintiffs claim

against Prince was for an amount which was subject to determination by the court pursuant to M.R. Civ. P. 55(b)(2) and consequently, was not a sum certain or one which could be made certain by computation. The Clerk of Courts exceeded his power and the resulting default judgment is void. *See Dowing [Downing] v. O'Brien,* Me., 325 A.2d 526, 528 (1974).

*Steel Service Center v. Prince Macaroni Mfg. Co.,* 438 A.2d 881, 882 (Me.1981). *See also Society of New York Hospital v. Tyszkiewicz,* 70 Misc.2d 592, 334 N.Y.S.2d 189, 191 (1972) *rev'd on other grounds,* 74 Misc.2d 178, 344 N.Y.S.2d 720 (1973) (a quantum meruit claim precludes the entry of judgment without a judicial assessment). We are satisfied that in the absence of a sale, Rinehart could have no better claim for a sum certain under a quantum meruit theory than he could have for breach of the contract which he did not allege.

 Despite the pleadings of the parties, we do not perceive this case as one involving an abuse of discretion. Indeed, this is a case in which the district court had no discretion; the district court erred by refusing to set aside a judgment entered by the clerk of court without any authority to enter it. In *DMM v. DFH,* 954 P.2d 976, 978 (Wyo.1998), we said:

> When a judgment is attacked pursuant to Rule 60(b)(4), however, there is no question of discretion in granting or denying relief—either the judgment is void, or it is valid. *Id.* [*State ex rel. TRL by Avery v. RLP,* 772 P.2d 1054, 1057 (Wyo.1989)]. Once that determination is made, the trial court must act accordingly. *Id.* "A judgment is not void merely because it is erroneous. It is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2ND § 2862, at 326–29 (1995) (footnotes omitted); *see also, In Interest of WM,* 778 P.2d 1106, 1110 (Wyo.1989).

To the same effect are *Sandstrom v. Sandstrom,* 880 P.2d 103, 106 (Wyo.1994); *In Interest of WM,* 778 P.2d 1106, 1110 (Wyo. 1989); and *Lawrence–Allison and Associates West, Inc. v. Archer,* 767 P.2d 989, 993 (Wyo. 1989). Entry of a judgment without proper authority constitutes a violation of due process of law, and such a judgment is void. We cannot recognize any measure of discretion to refuse to set aside a void judgment.

The clerk of court had no authority to enter default on either of Rinehart's claims for relief. Therefore, the default judgment is void, and we reverse the district court's refusal to set it aside.

MACY, Justice, specially concurring.

I agree that the default judgment entered against Exotex Corp. should be set aside. I do not, however, agree with the rationale the majority utilized to justify its decision and, consequently, specially concur.

W.R.C.P. 55(b)(1) provides that the clerk may enter a default judgment when the plaintiff's claim is for a sum certain or for a sum which can, by computation, be made certain. The majority concludes that the clerk did not have authority to enter a default judgment in this case because Rinehart's claim was not for a sum certain. I disagree with that conclusion.

The majority quotes from *Leet v. Joder,* 75 Wyo. 225, 295 P.2d 733, 738 (1956), to justify its decision. The portion of the *Leet* case quoted by the majority states that, when a listing contract is breached by the principal, a broker is entitled to recover only the damages he actually incurred as a result of the principal's breach. The majority indicates that, under *Leet,* Rinehart was required to prove his actual damages and he could not simply present a claim for his commission. The majority concludes, therefore, that Rinehart's claim was not for a sum certain.

The majority ignores the remainder of the *Leet* decision. What the majority neglected to point out is that the *Leet* decision goes on to state that, if a broker has performed the contract by providing a purchaser for the property, he may institute an action on the listing contract to recover his commission.

*Leet,* 295 P.2d at 738–39. We discussed the *Leet* decision in *E & E Mining, Inc. v. Flying "D" Group, Inc.,* 718 P.2d 58 (Wyo. 1986). In that case, we stated that, when the broker has performed his obligation under a listing contract, he is not limited to a suit for his actual damages. 718 P.2d at 62. The broker may sue on the contract to recover his commission. *Id.*

The majority insists that a broker earns his commission only when a sale is finalized. Wyoming law does not, however, support the majority's position. The Wyoming Supreme Court has held that a broker is entitled to his commission when he has found a purchaser who is ready, willing, and able to purchase the property according to the seller's terms, even if the sale is not consummated. *See Hill v. Hamilton,* 368 P.2d 957, 959–60 (Wyo. 1962); *Gerritsen v. Draney,* 351 P.2d 667, 673–74 (Wyo.1960). Other authorities agree with this statement of the law:

> Apart from stipulations in the broker's contract to the contrary, the right to compensation by a broker who has procured a person ready, willing, and able to purchase the property on the terms specified by the employer is not lost by a failure of completion of the transaction because of the employer's default or refusal to go through with the deal. In other words, when a real estate broker produces a purchase offer for the exact amount and in keeping with the other terms specified in a listing agreement, the owner is not bound to the purchase offer if he or she, for whatever reason, does not want to sell to that offeror; however, in such a case, the broker is entitled to a commission for his or her performance of the listing agreement.

12 Am.Jur.2d *Brokers* § 248 at 890–91 (2d ed.1997).

Rinehart was entitled to sue for his commission after he procured a purchaser who was ready, willing, and able to purchase Exotex's property according to Exotex's terms. The record clearly sets out the sales price and the commission percentage. Rinehart's claim for his commission was, therefore, a claim for a sum certain. Under these circumstances, I believe that the clerk had authority to enter the default judgment.

In my opinion, Exotex's assertion that the district court abused its discretion when it refused to set the default judgment aside pursuant to W.R.C.P. 55(c) and W.R.C.P. 60(b) is the dispositive issue in this case. W.R.C.P. 55(c) states:

> (c) *Setting aside default.*—For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

W.R.C.P. 60(b) states in pertinent part:

> (b) *Other reasons.*—On motion, and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Exotex maintains that it was entitled to relief from the default judgment pursuant to W.R.C.P. 60(b)(6). W.R.C.P. 60(b)(6) is known as the "catch-all" clause, and, under that provision, a judgment may be set aside for "any other reason justifying relief from the operation of the judgment." *Vanasse v. Ramsay,* 847 P.2d 993, 998 (Wyo.1993). A defaulting party is entitled to be relieved from a default judgment under the catch-all clause only when extraordinary circumstances are present. *Id.* In *U.S. Aviation, Inc. v. Wyoming Avionics, Inc.,* 664 P.2d 121, 127 (Wyo.1983), this Court recognized that "the purpose of Rule 60(b)(6) is to provide courts with the power to vacate judgments whenever such action is appropriate to accomplish justice."

In the case at bar, the undisputed essential facts disclose that: (1) Exotex was not a party to the sales agreement with Pronghorn Construction; (2) Rinehart was aware that Exotex had been deleted as a seller in the sales agreement; (3) when the sales agreement was executed, there was no written contract obligating Exotex to pay a sales commission to Rinehart; and (4) Exotex owned only a small portion of the property which had been included in the sales agreement.

I would hold that Exotex was entitled, under W.R.C.P. 60(b)(6), to be relieved from the default judgment which was entered in favor of Rinehart because good cause existed for setting aside the entry of default. Extraordinary circumstances were present in this case which justify relieving Exotex from the default judgment. Exotex should not, under any circumstances, be obligated to pay Rinehart's commission on the entire sale because it owned only a small portion of the land which was included in the sales agreement. A judgment which is so obviously unfair and unjust should not be allowed to stand. It is appropriate to vacate the default judgment pursuant to W.R.C.P. 60(b)(6) to accomplish justice in this case.