COOVER, Respondent, *v.* DAVIS et al., Appellants.

(No. 8,239.)

(Submitted November 25, 1941. Decided December 22, 1941.)

[121 Pac. (2d) 985.]

606

*Mr. S. J. Rigney,* for Appellants, submitted a brief, and argued the cause orally.

*Mr. D. W. Doyle,* for Respondent, submitted a brief, and argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

Plaintiff recovered a judgment in the justice court of Marias Township in Toole county in the sum of $42. Defendants appealed to the district court where the trial resulted in a verdict and judgment for plaintiff in a like amount. Defendants' motion for new trial was denied, and they appealed from the judgment. Their first contention is that the complaint does not state facts sufficient to constitute a cause of action.

The important allegations of the complaint are contained in paragraph 3, reading:

"That on or about the 3rd day of July, 1930, at defendants' special instance and request, plaintiff wrote and delivered to said defendants a Fire Insurance Policy in the sum of $1,000, the premium on which was the agreed sum of Forty-two Dollars ($42.00), which sum the defendants agreed to pay."

Defendants contend that the complaint must set out the terms of the insurance contract. This is not so when recovery of the premium only is sought. The complaint in a justice court must be construed with great liberality and will be upheld if it states facts sufficient to show the nature of the demand so as to enable a person of common understanding to know what is intended. (*Rhule* v. *Thrasher,* 88 Mont. 468 [295 Pac. 266].) The complaint here meets this requirement. It shows plainly that the action is to recover the sum of $42 as premium agreed to be paid on a fire insurance policy. The terms of the policy are of no particular moment in such an action.

The next contention made by the defendants is that the judgment was not entered in time. The verdict was rendered on February 13, 1941. The judgment was rendered and entered on March 5th. It is contended that the judgment was too late under section 9403, Revised Codes, which provides: "When trial by jury has been had, the judgment must be entered by the

clerk, in conformity to the verdict, within twenty-four hours after the rendition of the verdict, unless the court order the case to be reserved for argument or further consideration, or grant a stay of proceedings." This provision of the statute is directory merely, and failure to enter the judgment within the time there stated does not affect the validity of the judgment. (14 Cal. Jur. 925, note 14; and see *Hume* v. *Lindholm,* 85 Cal. App. 80, 258 Pac. 1003.)

The only penalty for delay in entering judgment is found in subdivision 6, section 9317, Revised Codes, which authorizes dismissal of the action when the party entitled to judgment neglects, after verdict or final submission, to demand and have it entered within six months. That statute is not available to defendants here, since the judgment was entered within six months after the verdict.

The next and principal contention is that the evidence was insufficient to warrant submission of the case to the jury and to support the verdict and judgment. Briefly summarized, the evidence, viewed in the light most favorable to plaintiff, shows that plaintiff had furnished a policy of fire insurance to defendants which was about to expire in July, 1930. The record is not clear whether plaintiff dealt directly with defendants, or either of them or with the father of defendant Davis in procuring that policy. Plaintiff testified positively that he delivered that policy to the father of defendant Davis, who was general manager of the Shelby store, but that he received the premium from Cut Bank where defendants operated a store. Plaintiff testified: "Q. You issued the first policy of insurance to A. J. Davis? A. Yes, sir. Q. And then you gave it to Mr. J. W. Davis, the father? A. I believe that is right. The elder Mr. Davis, I delivered it to him at the store. Q. Prior to that time you had no understanding with Arthur, the man sitting here? A. That is right." When that policy of insurance was about to expire, plaintiff called upon the father of defendant A. J. Davis to ascertain whether it should be renewed, and was told by the elder Mr. Davis that it should be and that the check would come from Cut Bank, as it had when the original policy

was issued; that he, the elder Mr. Davis would forward the policy to the Cut Bank store for payment of the premium. The policy was thereupon prepared by plaintiff and delivered to the elder Mr. Davis by plaintiff's employee, Mr. Brundage. Plaintiff transmitted to the company furnishing the policy the $42, less fifteen per cent.

The foregoing evidence was in most regards disputed, but if it was sufficient to make out a prima facie case for the jury, then we are not permitted to consider the conflicts or to invade the province of the jury by attempting to weigh the evidence or to determine wherein lies the preponderance thereof, particularly since the verdict had the approval of the trial judge when he denied the motion for a new trial. Defendants' main contention on this feature of the case is that the proof does not show that the elder Mr. Davis had authority from defendants to contract with reference to the insurance policy. "An agent has such authority as the principal actually or ostensibly confers upon him." (Sec. 7945, Rev. Codes.) "Ostensible authority is such as a principal intentionally or by want of ordinary care, causes or allows a third person to believe the agent to possess." (Sec. 7947.) "Apparent authority to do an act may be created by written or spoken words or any other conduct of the principal which, reasonably interpreted, causes a third person to believe that the principal consents to have the act done on his behalf by the person purporting to act for him." (Reinstatement of the Law of Agency, sec. 27.)

The rule is that "unless otherwise agreed, authority to make a contract is inferred from authority to conduct a transaction, if the making of such a contract is incidental to the transaction, or is reasonably necessary to accomplish it." (Sec. 50, Restatement of the Law of Agency; and see 2 Am. Jur.— Agency—sec. 195.) Or, as stated in 2 C. J. S., Agency, section 103: An agent to manage, supervise or oversee the business or property of his principal possesses authority "to bind the principal by acts or contracts of such an agent if they are reasonably necessary to keep the property in good repair, or the

business a going concern, or requisite to the protection of the interests intrusted to the agent's management.'' The fact that the elder Mr. Davis was manager and in charge of the store and conducted the business at Shelby, coupled with the fact that he participated at least partially in obtaining insurance on the property the year previously by receiving the policy and forwarding it to defendants at Cut Bank, was sufficient from which the jury was warranted in finding that he had the implied authority to bind defendants in renewing the policy of insurance, as to plaintiff who had the previous dealings with the parties and acted in reliance upon those facts.

Defendants contend that this conclusion results in an injustice, since it was shown without conflict that they had obtained insurance with another company. This circumstance calls for application of the statutory maxim that ''where one of two innocent persons must suffer by the act of a third, he, by whose negligence it happened, must be the sufferer.'' (Sec. 8772, Rev. Codes.) It was the act of defendants in holding out the elder Mr. Davis as having authority to contract for insurance that caused either plaintiff or the defendants to suffer. In such circumstances defendants were properly held to be the ones who must bear the loss.

Defendants assign error in admitting in evidence plaintiff's Exhibits 2A and 3A. These exhibits were copies of portions of the insurance policy. The original policy was not available since defendants testified they never received it, and, hence, were unable to produce it. We can see no prejudice to the defendants in the admission of these exhibits, even though they should have been excluded. The terms of the policy were of no moment. The only question at issue was whether a policy was issued and, if so, the amount of the premium due. The admission of copies of portions of the policy was harmless even if they were not admissible.

Error is claimed in admitting in evidence Exhibit 1A of plaintiff, which was a copy of a daily report made by plaintiff to the insurance company in Minneapolis, Minnesota, showing in

substance that a policy was issued to defendants in the sum of $1,000 for one year commencing on July 3, 1930, calling for a premium of $42. It was not error to receive this exhibit.

Other points raised by defendants have been considered but we find no reversible error in the record.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ERICKSON, ANDERSON and MORRIS concur.

Rehearing denied February 9, 1942.