JAMES KRAUS, Plaintiff and Respondent, *v.* TREASURE
BELT MINING COMPANY, Defendants and Appellants.
No. 10963.
Submitted November 5, 1965. Decided November 30, 1965.
408 P.2d 151.

Alexander, Kuenning, Hall & Gillan, Great Falls, Robert B. Gillan (argued), Great Falls, for appellants.

B. Miles Larson (argued), Stanford, Paul J. Murphy (argued), Stanford, Charles Davidson, Great Falls, for respondent.

MR. JUSTICE DOYLE delivered the Opinion of the Court.

This is an appeal from an order denying a motion to vacate and set aside a default judgment made and entered on April 13, 1964, by the Honorable LeRoy L. McKinnon, Presiding Judge of the Tenth Judicial District, in and for the County of Judith Basin. The judgment is in the sum of $7,814.00 and costs, and further recites that the defendants-appellants had been regularly served with process and failed to appear or answer.

Defendants made a motion to set aside this judgment which was denied and this appeal followed.

Defendants, a domestic corporation, hereinafter called appellants cite but one specification of error, that the lower court erred in holding the purported service of process complied with Rule 4D(2) (e) (i) of the Montana Rules of Civil Procedure.

This Rule provides that service on a domestic corporation is accomplished "by delivering a copy of the summons and complaint to an officer, director, superintendent *or managing* or

*general agent,* or partner or associate, or attorney for such corporation, partnership, or association; or by leaving such copies at the office or place of business of the corporation, partnership, or association within the state with the person in charge of such office * * *." (Emphasis supplied.)

In arriving at a decision in this cause, the following chronological time sequence of facts is of importance to understand the situation; and, coupled with the question of actual or ostensible agency, present the entire questions to be resolved.

Respondent commenced this litigation on November 12, 1963. The summons and complaint were served on a Mr. John Tripp as "managing agent, foreman of Treasure Belt Mining Company," for the appellants by Sheriff Charles A. Loberg of Judith Basin County on February 21, 1964.

On March 16, 1964, the clerk of court of Judith Basin County entered the default of appellants. On April 13, 1964, the district judge granted a default judgment against the appellants.

Appellants served and filed a motion on November 10, 1964, to set aside the default judgment, pursuant to Rules 55(c) and 60(b) of M.R.Civ.P. This motion was to quash the sheriff's return of service on the ground that the purported service upon Mr. Tripp was not a valid service upon the appellants, and the default judgment was void for the want of jurisdiction.

The motion to vacate was heard by the trial court on November 23, 1964, testimony was taken, and Sheriff Loberg and Mr. Tripp testified.

On December 16, 1964, the trial court denied appellants' motion to vacate the default judgment in the following language: "That John Tripp was a *managing or general agent* of the defendant corporation prior to the 21st day of February, 1964; that such *agency* continued, *actually* or *ostensibly*, to and including the 21st day of February, 1964; and that service of summons and complaint in above-entitled action, upon the said John Tripp, constituted service upon the defendant corporation." (Emphasis supplied.)

Although the trial court couched its ruling in the

alternative, we do not feel a detailed declaration of the law of ostensible agency is necessary. The ostensible agent, one who has the apparent authority to do an act, exists only where it is reasonable for a third person dealing with him to believe he is an authorized agent. In Coover v. Davis, 112 Mont. 605, 609, 121 P.2d 985, this court declared: " 'Apparent authority to *do an act* may be created by written or spoken words or any other conduct of the principal which, reasonably interpreted, causes a third person to believe that the *principal* consents to have *the* act done on his behalf by the person *purporting to act for him.*' Restatement of the Law of Agency, sec. 27." (Emphasis supplied.)

Adverting to the factual situation of Mr. Tripp's employment, he was first employed by the appellants as a carpenter under the direction of the mine manager and vice president of the appellant corporation, Dewey F. Whittaker sometime in the fall of 1963. Mr. Whittaker was injured in September of 1963 and was hospitalized at Great Falls. From September to November of 1963, Mr. Tripp was designated as a working foreman to keep the mine going and to take care of incidental administration duties, such as checking time cards, forwarding payroll information and mail to appellants' Seattle office. He also billed out the shipments of ore and had a small checking account in a local bank designated, "John Tripp, Special" which he used to pay small current bills.

He also had a key to the premises until the locks were changed in November of 1963. At the time of the closure of the mine he aided in moving some of the equipment. During this same month of November 1963, his services were terminated as were the other remaining employees. In response to a question of whether he had any connection with the mine after that date, Mr. Tripp replied, "nothing." Mr. Tripp then became the recipient of Unemployment Compensation checks to which he was entitled.

A further facet is that at the time of service of the summons on Mr. Tripp by Sheriff Loberg, Mr. Tripp told the sheriff that

he was not an employee or agent of the appellants, and the sheriff at the hearing did not deny this disclaimer by Mr. Tripp. Even the sheriff testified that when Tripp asked him what to do with the papers, he told Tripp to send them to Whittaker. Additionally, Mr. Tripp did not have keys to the property of appellants on the day of service, February 21, 1964, even though he thought he had. During November 1963 he had keys, but unknown to him the company had changed the locks.

The above indicates Mr. Tripp knew he no longer had anything to do with the company, and that this information was revealed to the sheriff. It is this court's opinion therefore, that the sheriff had no reason to believe Mr. Tripp was authorized to receive service of process. A variety of factors lead to this conclusion: the mine was no longer operating, and Mr. Tripp was on Unemployment Compensation; Mr. Tripp did not have a key, nor access to the mine premises; and most important Mr. Tripp had told the sheriff he was no longer connected with the mining operation. Thus, it is difficult for this court to find Mr. Tripp had "apparent authority" to act as an agent for Treasure Belt Mining Company. As a result he could not be taken as an ostensible agent.

The service of process visualizes no affirmative action on the part of the person served. Hence, it is readily apparent that service on an alleged ostensible agent cannot result in a third party "incurring a liability" or "parting with value," within the meaning of section 2-205, R.C.M.1947. This section provides: "A principal is bound by acts of his agent, under a merely ostensible authority, to those persons only who have in good faith, and without ordinary negligence, incurred a liability or parted with value upon the faith thereof." As a consequence the doctrine of ostensible agency appears to have no application when it becomes involved with the question of whether service of process has been legally made upon a "managing or general agent" within the meaning of Rule 4D(2) (e) (i).

Even if Mr. Tripp was found to be an ostensible agent, there appears to be some authority that he would not fall within the perimeter of Rule 4D(2) (e) (i). However, this is not a question that need be faced squarely by this court at this time.

Respondent relies on Monarch Lumber Co. v. Wallace, 132 Mont. 163, 174, 314 P.2d 884, 889, wherein the court stated: "Whether the agent is acting under the actual or ostensible authority of his principal may be shown by direct evidence or by facts proved. [Citing cases.] The fact that West was the *general manager* of plaintiff corporation presupposes that he was invested with liberal powers in concerns incidental to the business of plaintiff."

The fact situation in the instant cause has no possible analogy to Monarch and its general manager.

Respondent also urges Hamilton v. Lion Head Ski Lift, Inc., 139 Mont. 335, 363 P.2d 716. This was a case involving wages, defendant was a domestic corporation, the president and majority owner of the stock of the corporation hired the plaintiff as manager of the ski-lift and area. Much evidence was offered to establish that the defendant president acted in a corporate capacity for the corporation and likewise as agent for the corporation. This court there held that agency is a matter, *not to be presumed*, but to be proven, and the burden of proving it *must be borne* by the party who asserts it.

Further, it appears obvious that Mr. Tripp is not a "managing agent" of the company within the meaning of the rule. To be a managing agent the status must exist at the time service is made. Here Tripp was not even an individual with apparent authority to act as an agent, therefore we are hard put to discover any managing agent capacity.

The transcript indicates a complete lack of evidence as to who makes up the company. The only witness is a former employee. There is no showing there are not others on whom service could be more appropriately made, nor is there any

438

showing why service was not made pursuant to Rule 4D(2) (f). This case is therefore reversed for further proceedings.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES JOHN CONWAY HARRISON, ADAIR and CASTLES concur.