No. 84-526

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

---

RONALD E. LA FONTAINE and BARBARA
J. LA FONTAINE,

Plaintiffs and Appellants,

-vs-

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

Defendant and Respondent.

---

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Nat Allen, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

Gerald P. LaFountain, Billings, Montana

For Respondent:

Moulton, Bellingham, Longo & Mather; William Mather,
Billings, Montana

---

Submitted on Briefs: Feb. 22, 1985

Decided: April 9, 1985

Filed: APR 9 1985

*Ethel M. Harrison*

Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

This is an appeal from an order and judgment of the District Court of the Thirteenth Judicial District, Yellowstone County. The court set aside a default judgment obtained by plaintiffs and entered a judgment of $4,031.50 against plaintiffs' attorney, Gerald P. LaFountain, for sanctions pursuant to § 37-61-406, MCA. We affirm.

On September 14, 1983, plaintiffs filed a complaint against State Farm Mutual alleging bad faith in settling a claim arising from an automobile accident between plaintiffs and State Farm's insured. Plaintiffs attempted to serve defendant at its Billings Claim Office. Defendant did not answer the complaint and on October 6, 1983, plaintiffs filed a motion for default judgment with the Clerk of Court in Yellowstone County. On November 9, 1983, defendant filed a motion to dismiss or in the alternative to quash the return of service of summons. After a hearing, the court granted defendant's motion and quashed service because plaintiff had not served the defendant, a foreign insurer, in accordance with § 33-1-602, MCA, which requires that service upon a foreign insurer be made on the Commissioner of Insurance. The court held this to be the exclusive means of serving process upon a foreign insurer.

Plaintiffs then appealed to this Court. We dismissed plaintiffs' appeal without prejudice on April 10, 1984, on the grounds that the order appealed from was not an appealable order. We remanded the case to the District Court.

On May 4, 1984, plaintiffs' attorney, Gerald P. LaFountain, presented himself to Hardin E. Todd and Harry M. Reed, Clerk and Deputy Clerk of Yellowstone County and represented to Todd and Reed that he had won the appeal before the Montana Supreme Court and was entitled to a default judgment. Reed signed a judgment by default in favor of plaintiffs and against State Farm for $150,000 in punitive damages plus $385 in costs. Notice of entry of judgment was served the same day. Later in the day, Reed had second thoughts about the matter and conferred with Judge Holmstrom who flagged the file to prevent execution.

On May 9, 1984, after defendant learned a default judgment was entered against it, defendant moved to vacate the default judgment and obtain sanctions against plaintiffs' counsel.

On May 18, 1984, without leave of the court, plaintiffs' counsel served notice of taking depositions on six persons who plaintiffs claimed had knowledge of the facts of the case. On May 21, 1984, defendant moved the District Court to stay the taking of depositions until after the motion to set aside the default judgment was heard. The court granted defendant's motion ex parte.

A hearing was held on June 1 and continued on to June 6, 7 and 8, 1984. At issue were defendant's motion to set aside the default judgment, the imposition of sanctions against plaintiffs' counsel, Gerald P. LaFountain, and the propriety of staying plaintiffs' depositions. On July 12, 1984, findings of fact and conclusions of law were entered. The District Court vacated the default judgment declaring it void because defendant was not properly served. Plaintiff was not to take depositions without leave of the court until 30 days

after defendant was properly served pursuant to Rule 30(a), M.R.Civ.P. The court found LaFountain guilty of deceiving the court and State Farm within the terms of § 37-61-406, MCA. The court scheduled a hearing for July 20, 1984 to determine the appropriate sanctions. After a hearing, the court in its order and judgment of July 31, 1984 ordered Gerald P. LaFountain to pay $4,031.50 to State Farm pursuant to § 37-61-406, MCA.

ORDER VACATING DEFAULT JUDGMENT

Any default judgment entered against defendant in this case was void for want of jurisdiction. Kraus v. Treasure Belt Min. Co. (1965), 146 Mont. 432, 408 P.2d 151. Personal jurisdiction over defendant State Farm was never obtained because no valid service of process was ever made. Service of process upon a foreign insurer may be made only by service of process upon the Commissioner of Insurance of the State of Montana under § 33-1-602, MCA; and see Reed v. Woodmen of the World (1933), 94 Mont. 374, 22 P.2d 819. State Farm is an Illinois corporation.

The Clerk of the District Court may enter a default judgment under Rule 55(b)(1), M.R.Civ.P., only when the amount of the claim is a sum certain. The prayer for punitive damages in plaintiff's complaint was not a sum certain within the meaning of Rule 55(b)(1), M.R.Civ.P. Even if service of process on the defendant was proper the Clerk was without legal authority to enter the default judgment. For the above-stated reasons the District Court was correct in vacating the default judgment which plaintiffs claimed.

STAY OF DEPOSITIONS

Since plaintiffs never properly served the defendant, the District Court was correct in ruling that plaintiffs

should not take depositions, pursuant to Rules 26(c) and 30(a), M.R.Civ.P.

SANCTIONS

Gerald P. LaFountain contends that the adjudication of sanctions under § 37-61-406, MCA, is a criminal proceeding so he is entitled to trial by jury, proof beyond a reasonable doubt, the presumption of innocence, and all other rights guaranteed a criminal defendant. Section 37-61-406, MCA, provides:

> "Any attorney or counselor who is guilty of any deceit or collusion or consents to any deceit or collusion with intent to deceive the court or a party forfeits to the party injured by his deceit or collusion treble damages. He is also guilty of a misdemeanor."

This statute was first passed by the Montana Legislature in 1895. It has never been amended, only recodified. In codification, this statute appears in the section of the Code dealing with regulation of attorneys. In the 90 years § 37-61-406, MCA, has been in existence, this Court has never been presented with a case requiring its interpretation.

The statute was borrowed from a section of the California Penal Code which was enacted in 1872. In 1939, California repealed Penal Code § 160 containing the same statutory language as § 37-61-406, MCA, and enacted § 6128 of the Business and Professional Code of California which deals with deceit by attorneys. Section 6128 provides for criminal penalties only. We are unaware of California appellate cases dealing with the issue at bar.

The Montana statute seems to be a hybrid using language generally found in criminal statutes and language found in statutes creating civil liability. For example, the words guilty and misdemeanor connote criminality; treble damages

paid to the injured party connotes civil liability, as distinguished from a fine payable to the State of Montana which would indicate a criminal offense.

When we construe a statute, the intent of the Legislature is controlling. It is the duty of this Court to give effect to the purpose of the statute, to construe it to promote justice, and to give such construction to the statute as will preserve the constitutional rights of the parties. Mackin v. State (Mont. 1980), 621 P.2d 477, 481, 37 St.Rep. 1998, 2002. We think the statute has a dual purpose. One purpose is to compensate the innocent party who incurred additional time and expense as a result of the deceit of the culpable attorney. The other is to punish by criminal action any attorney who deceives the court or the other party.

Hence, if criminal penalties are sought under this statute, the accused lawyer must be indicted and prosecuted by the State. He is entitled to all of the rights guaranteed under the Constitution of the United States and the Montana Constitution. On the other hand, if only monetary sanctions are sought under the statute, the determination can be made in a civil proceeding.

In this case, LaFountain misrepresented to the Clerk of the District Court that a default judgment had been reinstated by order of the Montana Supreme Court. He procured from the clerk, instead of from a judge, a judgment based upon default without the hearing required in Rule 55(b)(2), M.R.Civ.P. The District Court found LaFountain intended to deceive the court or a party within the meaning of § 37-61-406, MCA. The finding is supported by the evidence. We find the award of $4,031.50 to be reasonable and therefore affirm the judgment.

_____
John R. Sheehy
Justice

We Concur:

_____
J. A. Turnage
Chief Justice

_____
John Conway Harrison

_____

_____

_____
R. C. Gulbrandson

_____
William E. Hunt
Justices