No. 88-473

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

_____

NORTHWEST POLYMERIC, INC., DEIRDRE
CAUGHLAN and LAURA LEE DUNLAP,
Trustees of the Estate of NORTHWEST
POLYMERIC, INC., Bankrupt; and ROBERT
C. KELLY, PATRICK KELLY and SHANE KELLY,

        Plaintiffs and Appellants,

    -vs-

FARMERS STATE BANK and FIRST NATIONAL
MONTANA BANK OF MISSOULA, and W.A. GROFF
and RALPH G. McCOY, and JOHN DOE And RALPH
ROE,

        Defendants and Respondents.

_____

APPEAL FROM:  District Court of the Fourth Judicial District,
               In and for the County of Missoula,
               The Honorable Douglas G. Harkin, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        R. Lewis Brown, Jr. and David L. Holland, Butte,
        Montana

    For Respondent:

        Larry Persson, Hamilton, Montana
        James A. Robischon, Kalispell, Montana
        Garlington, Lohn & Robinson; Sherman V. Lohn, Missoula,
        Montana

_____

Submitted on Briefs:  Jan. 19, 1989

Decided:  February 16, 1989

_____
Clerk

FILED
Filed:
'89 FEB 16 AM 10 44
ED SMITH, CLERK
MONTANA SUPREME COURT

Mr. Justice R. C. McDonough delivered the Opinion of the Court.

This appeal from the Fourth Judicial District, Missoula County, involves the alleged breach of an agreement to provide financing. The lower court granted summary judgment to respondent, First National Bank of Missoula, (First National), holding that appellant, Northwest Polymeric, Inc., (Northwest), failed to come forward with facts establishing that First National could be held liable for damages from the alleged breach. We affirm.

Northwest bid and received a Department of Defense (DOD) contract to manufacture combat helmets. The DOD required that Northwest submit a letter confirming credit for financing. Farmers State Bank of Victor, (Farmers) provided the DOD a letter stating Farmers, with the participation of First National, would provide financing. Neither bank provided financing, and Northwest brought this suit seeking both tort and contract damages.

First National argued that the District Court should grant its motion for summary judgment because no contract existed between Northwest and First National. First National further argued that no agency relationship existed between Farmers and First National which bound First National for Farmers' representations.

Northwest conceded that First National did not enter an explicit agreement to finance Northwest, but contended that Farmers acted as First National's agent when it sent the letter to the DOD stating First National would participate in financing for the contract. No evidence from discovery disclosed that First National authorized the representation. However, discovery revealed that First National had considered participating, and that Robert Burke, President of First National, knew about the letter from Farmers. Burke deposed

that he phoned W. A. Groff, President of Farmers, and informed Groff that First National would make no commitment to participate in the loan.

Northwest contends that the District Court erred in granting summary judgment for First National because: (1) Farmers' letter bound First National, (2) Farmers had apparent authority to bind First National, (3) Montana law estops First National from denying its obligation to participate in the loan.

Northwest asserts that § 28-10-403, MCA, controls this case and mandates the conclusion that the District Court erred. The statute reads:

> <u>Ostensible authority defined.</u>    Ostensible authority is such as a principal, intentionally or by <u>want</u> <u>of</u> <u>ordinary</u> <u>care</u>, causes or allows a third person to believe the agent to possess.

Section 28-10-403, MCA (emphasis added). Northwest cites several cases where lack of ordinary care on the part of the principal established the agent's authority. See, <u>Audit Services v. Elmo Road Corp.</u> (1978), 175 Mont. 533, 575 P.2d 77; <u>Coover v. Davis</u> (1941), 112 Mont. 605, 121 P.2d 985; <u>Lindblom v. Employers' Liability Assurance Corporation</u> (1930), 88 Mont. 488, 295 P. 1007.

The facts in this case distinguish it from the case law cited by Northwest. In <u>Audit Services</u> the alleged principal, a corporation, held out the alleged agent as its corporate manager, and thus the party claiming agency reasonably believed authority existed for the manager to enter agreements on behalf of the corporation. <u>Audit Services</u>, 575 P.2d at 81. The ostensible agency in <u>Coover</u> also sprung from the act of the principal in holding out the agent as having authority to contract for the principal. <u>Coover</u>, 121 P.2d at 988. <u>Lindblom</u> involved dealings between a claimant for workers' compensation, a local insurance agency, and an employers'

3

insurance carrier. The carrier claimed the failure of the claimant to notify the carrier during the period required by statute barred the claim. The claimant responded that notification of the local agency estopped the carrier from claiming the defense. This Court held that evidence supported the conclusion that the carrier clothed the local agency with authority for acting on the claim, and thus Montana law estopped the carrier from claiming lack of agency. Lindblom, 295 P. at 1011.

Here, Northwest can only claim that First National should have done more than notify Farmers they would not participate. The lower court concluded that the controlling law mandated summary judgment for First National because ostensible authority cannot be proved by the declarations of the agent whose statements are sought to be charged to the principal. Exchange State Bank v. Occident Elevator Co. (1933), 95 Mont. 78, 89, 24 P.2d 126, 130. We agree with the lower court's reasoning.

Cases exist where principals failed to exercise ordinary care in clarifying the lack of a grant of authority to non-employee middlemen in continuing dealings between the middlemen and the third party claiming ostensible agency. See, Butler Manufacturing v. J & L Implement (1975), 167 Mont. 519, 540 P.2d 962; Powers Manufacturing Leon Jacobs Enterprises (1985), 216 Mont. 407, 701 P.2d 1377. Generally, ostensible agency may be established by omissions as well as by commissions. 3 Am. Jur. 2d Agency § 79 (1986). However, the failure to disclaim authority asserted by an agent usually concerns cases where an agent attempts to extend existing authority by his or her representations to a third party. In such a case, the principal may fail to exercise ordinary care in disclaiming the authority claimed by the agent. 3 Am. Jur. 2d Agency § 79 (1986).

4

Northwest can claim no explicit or implicit grant of authority from First National to Farmers justifying reliance on statements by Farmers. Northwest fails to demonstrate any course of dealing between the parties where Farmers acted for First National. Under these circumstances, we agree with the District Court that no facts support an inference of any grant of authority from First National to Farmers.

Northwest also argues that First National's silence estops it from denying that it agreed to finance Northwest. There exists here no silence amounting to a representation or concealment of material facts, and thus no estoppel claim. See, Sweet v. Colburn School Supply (1982), 196 Mont. 367, 639 P.2d 521; Northwest Potato Sales v. Beck (1984), 208 Mont. 310, 678 P.2d 1138.

District courts properly grant motions for summary judgment where no material fact questions exist, and in light of the substantive principles of law involved, the established facts entitle the movant to judgment as a matter of law. Fleming v. Fleming Farms Inc. (Mont. 1986), 717 P.2d 1103, 1106, 43 St.Rep. 776, 779. The substantive principles of law concerning establishment of an ostensible agency and estoppel under the agreed facts mandated the lower court's decision. AFFIRMED.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

5