DA 07-0185

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 238

LARRY SEMENZA,

      Plaintiff and Appellant,

  v.

DON KNISS and STOCKMAN'S
LIVESTOCK ORDER BUYING, INC.,

      Defendants and Appellees.

APPEAL FROM:    District Court of the Ninth Judicial District,
In and For the County of Teton, Cause No. DV 05-027
Honorable Laurie McKinnon, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Floyd D. Corder, Corder Law Firm, Great Falls, Montana

      For Appellees:

      Scott A. Fisk, Crowley, Haughey, Hanson, Toole & Dietrich, PLLP,
Helena, Montana

                       Submitted on Briefs:  January 4, 2008

                                     Decided:  July 8, 2008

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1    Semenza appeals the District Court's finding that it did not have personal jurisdiction over Stockman's, and the court's grant of summary judgment in favor of Stockman's. We affirm.

¶2    We restate the issue as follows:

¶3    Did the District Court err in finding it did not have personal jurisdiction over Stockman's?

## BACKGROUND

¶4    Larry Semenza ("Semenza") is a livestock dealer doing business in Montana as Semenza Cattle Company. Don Kniss ("Kniss") is an Oklahoma resident who has bought and sold cattle, but is not a registered or bonded dealer. The two were introduced through a mutual business acquaintance, Harold Sagers ("Sagers"). Semenza agreed to sell Kniss cattle from the Broken O Ranch in Montana. Semenza shipped the cattle to Kniss in Oklahoma. Semenza was paid for the transaction through a $147,400 wire transfer from an Oklahoma corporation called Stockman's Livestock Order Buying, Inc.

¶5    Several months later, Semenza and Kniss entered into a second cattle deal. Semenza agreed to sell 92 cows to Kniss for $950/head, or $87,400 total. Semenza shipped the cattle to Kniss in Okalahoma, and received a wire transfer from Stockman's for $35,000. Semenza believes he is still owed $52,400.

¶6    Initially, Semenza filed a reparation complaint with the United States Department of Agriculture. The USDA initiated an investigation, and took several affidavits, which are appended to Appellee Stockman's brief. However, before the USDA concluded its

2

investigation, Semenza filed this suit in the Ninth Judicial District Court in Montana. Since Semenza elected to seek relief through the state judicial system, the USDA dismissed his complaint. Semenza filed breach of contract claims against both Kniss and Stockman's, arguing that Kniss acted as Stockman's agent. Only Stockman's answered.

¶7 The District Court granted Stockman's motion for summary judgment. The court found that no writing existed regarding either of the two cattle transactions. Since the sale of the cattle was covered by the U.C.C., and the purchase price exceeded $500, the oral contract was not enforceable unless there was a writing satisfying the statute of frauds. The court found that Semenza failed to produce such a writing, and thus held that the agreement was unenforceable.

¶8 The court also found that Semenza failed to produce a writing which gave Kniss the authority to act as Stockman's agent. Section 28-10-203, MCA, provides that when the law requires a contract to be in writing, an agent's authority to enter into that contract on behalf of the principal must also be bestowed in writing. Thus, the District Court found that Semenza could not enforce the purported oral contract against Stockman's.

¶9 Absent an agency relationship between Kniss and Stockman's, the District Court found that it had no personal jurisdiction over Stockman's. After granting Stockman's motion for summary judgment, the District Court dismissed Semenza's complaint with prejudice, and awarded Stockman's its costs and attorney's fees.

**STANDARD OF REVIEW**

¶10 The court's order granting Stockman's motion for summary judgment contains overlapping conclusions of law. Specifically, the court found that no agency relationship

3

existed between Stockman's and Kniss as a matter of law. Absent an agency relationship, the court concluded that it could not exercise personal jurisdiction over Stockman's.

¶11 Since personal jurisdiction is a threshold issue, we discuss that first. A district court's determination that it lacks personal jurisdiction is a conclusion of law which we review for correctness. *Cimmaron Corp. v. Smith*, 2003 MT 73, ¶ 8, 315 Mont. 1, ¶ 8, 67 P.3d 258, ¶ 8. However, to address personal jurisdiction, we must also analyze the question of agency. Since the District Court's conclusions of law regarding the agency issues were decided on a motion for summary judgment, we will review these issues de novo. *Kuhr v. City of Billings*, 2007 MT 201, ¶ 12, 338 Mont. 402, ¶ 12, 168 P.3d 615, ¶ 12. A grant of summary judgment is proper only if no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. M. R. Civ. P. 56(c); *Kuhr*, ¶ 12.

## DISCUSSION

¶*12* ***Did the District Court err in finding it did not have personal jurisdiction over Stockman's?***

¶13 To determine whether a Montana court can exercise personal jurisdiction over a non-resident defendant, we apply a two-part test. *Cimmaron*, ¶ 10. First, we ask whether personal jurisdiction exists under M. R. Civ. P. 4B(1). *Cimmaron*, ¶ 10. Second, we examine whether the exercise of personal jurisdiction is consistent with the "traditional notions of fair play and substantial justice embodied in the due process clause." *Cimmaron*, ¶ 10.

¶14    *1. Does personal jurisdiction exist pursuant to M. R. Civ. P. 4B(1)?*

¶15    Semenza alleges that Kniss acted as Stockman's agent in the cattle deal, and that Stockman's was the ultimate purchaser of the cattle.  Thus, Semenza argues, the District Court had jurisdiction over Stockman's under M. R. Civ. P. 4B(1)(a), which provides for jurisdiction over entities which transact business within the state through an agent.  In order to determine whether personal jurisdiction exists under M. R. Civ. P. 4B(1)(a), we must first address this threshold question of agency.

¶16    **a.  Was Kniss acting as Stockman's agent?**

¶17    As discussed above, the District Court found that, as a matter of law, no agency relationship existed between Kniss and Stockman's.  Since the District Court reached this conclusion on a summary judgment motion, we review the issue de novo.

¶18    The party moving for summary judgment bears the initial burden of establishing the absence of any genuine issue of material fact and entitlement to judgment as a matter of law.  *Prindel v. Ravalli County*, 2006 MT 62, ¶ 19, 331 Mont. 338, ¶ 19, 133 P.3d 165, ¶ 19.  If this burden is met, the burden shifts to the non-moving party.  *Prindel*, ¶ 19.  To avoid summary judgment, the non-moving party must "establish with substantial evidence, as opposed to mere denial, speculation, or conclusory assertions, that a genuine issue of material fact does exist or that the moving party is not entitled to prevail under the applicable law."  *Phelps v. Frampton*, 2007 MT 263, ¶ 16, 339 Mont. 330, ¶ 16, 170 P.3d 474, ¶ 16.

¶19    We have recognized that allegations of agency often involve questions of fact which preclude resolution by summary judgment.  *See e.g. Stillman v. Fergus County*,

5

220 Mont. 315, 317, 715 P.2d 43, 44 (1986). However, summary judgment is appropriate where a party "fail[s] to present sufficient evidence to give rise to a genuine issue of material fact regarding an agency relationship[.]" *Contreraz v. Michelotti-Sawyers*, 271 Mont. 300, 311, 896 P.2d 1118, 1124 (1995). *Accord Sunset Point v. Stuc-O-Flex Intern.*, 1998 MT 42, ¶ 25, 287 Mont. 388, ¶ 25, 954 P.2d 1156, ¶ 25; *Northwest Polymeric v. Farmers State Bk.*, 236 Mont. 175, 178-79, 768 P.2d 873, 875-76 (1989). We have held that "[w]here the undisputed evidence concerning the status of the parties defendant to each other is reasonably susceptible of but a single inference, the question of their legal relationship . . . is one purely of law." *Contreraz*, 271 Mont. at 311, 896 P.2d at 1124 (citation omitted). Thus we must consider whether Semenza has presented sufficient evidence to raise a genuine issue of material fact regarding the alleged agency relationship between Stockman's and Kniss.

¶20 Section 28-10-103(1), MCA, provides:

> An agency is either actual or ostensible. An agency is actual when the agent is really employed by the principal. An agency is ostensible when the principal intentionally or by want of ordinary care causes a third person to believe another to be the principal's agent when that person is not really employed by the principal.

In his appeal, Semenza argues that Stockman's conduct provides circumstantial evidence of an ostensible agency relationship with Kniss.

¶21 An ostensible agency may be implied by conduct, and may be shown by circumstantial evidence. *See e.g. Butler Manufacturing Co. v. J & L Implement Co.*, 167 Mont. 519, 524-25, 540 P.2d 962, 965-66 (1975). However, the ostensible authority must arise from the acts of the principal, not the agent. *Bellanger v. American Music Co.*,

6

2004 MT 392, ¶¶ 20-21, 325 Mont. 221, ¶¶ 20-21, 104 P.3d 1075, ¶¶ 20-21. Notably, the record here shows only two "acts" committed by Stockman's: Stockman's made two wire transfers to Semenza. Semenza claims that Stockman's also took receipt of the cattle, incurred expenses for the care of the cattle, and sold the cattle.

¶22 However, Semenza's allegations are not supported by the evidence. The record indicates that Kniss, not Stockman's, took possession of the cattle. The inspection certificate and bill of sale issued by the Montana Department of Livestock pursuant to § 81-3-210, MCA, lists Kniss as the sole buyer. Semenza's own handwritten bill of sale also lists Kniss as the sole buyer. Both the trucking invoice for transporting the cattle from Montana to Oklahoma, and the feed and yardage bill for storing the cattle once they were in Oklahoma were charged to Kniss, not Stockman's. Finally, the cattle were sold in Oklahoma by Kniss's daughter and his wife. In sum, the wire transfers are the only "acts" from which Semenza could have inferred ostensible authority.

¶23 We have also cautioned that the third party's belief as to the ostensible agency relationship must be reasonable. *Turjan v. Valley View Estates*, 272 Mont. 386, 394, 901 P.2d 76, 82 (1995). Here, we find nothing in the record to support a reasonable belief that an ostensible agency relationship existed between Kniss and Stockman's. Kniss is listed as the sole purchaser/owner on all of the documents in the record: Semenza's own hand-written receipt, the bill of sale from the Montana Department of Livestock, and the proof of claim under surety bond issued under the Packers and Stockyards Act.

¶24 In fact, Semenza did not make any allegations that Kniss was Stockman's agent in the original complaint he filed with the USDA. Semenza does not allege that Stockman's

participated in the negotiations for the sale, and it is undisputed that, outside of the wire transfers, Semenza never had contact with anyone at Stockman's. Semenza asserts that Kniss was employed by Stockman's, but offers no records of employment or other proof to support his assertion. Semenza claims that Sagers told him Kniss was employed by Stockman's. However, in his affidavit, Sagers claims he did not know there was any connection between Stockman's and Kniss- financial, or otherwise. And as discussed above, the ostensible authority must arise from the acts of the alleged principal- not from the acts or representations of the alleged agent or other third party. *Bellanger*, ¶¶ 20-21. In the end, there are only two pieces of evidence which suggest that an ostensible agency relationship might exist between Kniss and Stockman's: the wire transfers, and Semenza's affidavit testifying to his own belief that Kniss worked for Stockman's. This is hardly sufficient to support a reasonable belief as to the existence of an ostensible agency relationship.

¶25   In sum, we hold that Semenza failed to raise a genuine issue of material fact with respect to the alleged agency relationship between Stockman's and Kniss.

¶26   **b. Are there any other grounds for exercising personal jurisdiction under M. R. Civ. P. 4B(1)?**

¶27   Having found that no agency relationship exists as a matter of law between Kniss and Stockman's, we conclude that there is little else in the record to support the exercise of personal jurisdiction over Stockman's in the present case. Stockman's made two wire transfers to Semenza, but was not a party to the contract for the sale of the cattle. We have held that even where a party actually enters a contract with a resident of Montana,

8

this fact alone does not subject him to the jurisdiction of our courts. *Cimmaron*, ¶ 14. Stockman's did reap a $10/head finance charge for bankrolling Kniss's cattle deal with Semenza. However, Kniss, not Stockman's, negotiated the transaction with Semenza. Under the facts of this case, we conclude that Stockman's collection of $920 in fees does not rise to the level of transacting business within the state. *See e.g. Cimmaron*, ¶¶ 13-16.

¶28    In sum, we conclude that there are no other grounds for personal jurisdiction under M. R. Civ. P. 4B(1). As a result, we need not reach the second step of our personal jurisdiction analysis. *Cimmaron*, ¶ 10. We conclude that Stockman's is not subject to the jurisdiction of Montana's courts. The District Court did not err in granting Stockman's motion to dismiss for lack of jurisdiction. This conclusion moots the other issues raised by Semenza on appeal, thus we need not reach them.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ JIM RICE

Justice John Warner dissents.

¶29    I dissent. In my view, Semenza raises a genuine issue of material fact about whether Kniss was acting as Stockman's agent.

¶30    Summary judgment is appropriate only where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. M. R. Civ.

9

P. 56(c). When considering a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party and all reasonable inferences are to be drawn in favor of the party opposing summary judgment. *Our Lady of the Rockies, Inc. v. Peterson*, 2008 MT 110, ¶ 14, 342 Mont. 392, ¶ 14, 181 P.3d 631, ¶ 14 (citation omitted). In this instance the Court does not consider the evidence in the light most favorable to the non-moving party, Semenza. Rather, it draws all inferences against Semenza by substituting itself for a jury and finding as a matter of fact that the evidence he presented is not reasonable.

¶31 The Court acknowledges that the record shows two separate acts by Stockman's-- the two wire transfers that came directly from Stockman's to Semenza, totaling $182,000. These documents in the record clearly show that Semenza knew that the money to buy his cattle was paid by Stockman's. This gave him good reason to believe Kniss' statements that he was buying the cattle for Stockman's. Semenza's allegation that these statements were made must be accepted for purposes of summary judgment. Thus, in the mind of a reasonable jury, these wire transfers could easily constitute the acts or representations of the alleged principal, Stockman's, that are required to create an ostensible agency. *See Bellanger*, ¶ 20.

¶32 Stockyards generally are not in the business of nonchalantly wiring money around the country. The fact that Stockman's paid for the cattle is strong circumstantial evidence that it was buying the cattle through an agent. A jury could easily find that the alleged "loan" by Stockman's to Kniss was in fact bogus, and Kniss was the actual agent of Stockman's. In the alternative, the wire transfers could reasonably be found to be

10

careless acts that caused Semenza to believe Kniss to be Stockman's agent, even if he really was not. *See* § 28-10-103(1), MCA.

¶33     As the record would support a factual finding that Stockman's was conducting its cattle trading business in Montana, this case should not be dismissed for lack of personal jurisdiction.

¶34     The Court inappropriately substitutes its judgment for that of a jury. Semenza has the right to a trial. I respectfully dissent.


/S/ JOHN WARNER

11