DA 11-0636

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 204N

DISCOVER BANK,

      Plaintiff and Appellee,

  v.

DAWN C. LEMIEUX,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
                 In and For the County of Gallatin, Cause No. DV 10-1045C
                 Honorable John C. Brown, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Dawn C. Lemieux (self-represented), Manhattan, Montana

      For Appellee:

          Charles Dendy, Rodenburg Law Firm, Bismarck, North Dakota

                      Submitted on Briefs:  July 18, 2012

                              Decided:  September 11, 2012

Filed:

              _____
                           Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Dawn C. Lemieux (Lemieux) appeals pro se from a grant of summary judgment entered by the Eighteenth Judicial District Court, Gallatin County.  We affirm.

¶3      Lemieux applied for a credit card account with Discover Bank (Discover) in April 2006 and was issued a credit card in June 2006.  Lemieux thereafter accumulated an unpaid account balance of $4,021.71 as of March 26, 2010.  This balance remains unpaid.

¶4      Discover filed a collection action on October 4, 2010, in Gallatin County District Court demanding judgment against Lemieux for the outstanding account balance of $4,021.71, interest accrued "at the legal rate" from March 26, 2010, until the date of judgment, and court costs.  Lemieux's answer to the complaint denied signing a credit card application, asserted that Lemieux had attempted to tender a "financial instrument" in the amount of $3,785.40 to Discover, and denied the presence of an account stated. Lemieux's answer also asserted what it termed "counter claim" against Discover, alleging a lack of standing, requesting production of information, and alleging that Discover failed to respond to an affidavit sent by Lemieux.   The court dismissed Lemieux's counterclaims for failing to state any claim upon which relief could be granted.

¶5     On July 20, 2011, Lemieux filed a motion to dismiss based on Discover's alleged failure to respond to a debt validation request, presumably under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. Discover opposed the motion, claiming that the FDCPA did not apply because Discover was the original creditor seeking collection in its own name. Discover then moved for summary judgment on August 22, 2011, relying on the affidavit of an account manager to establish the amount Lemieux owed. Lemieux responded to the motion for summary judgment with a motion "For a More Definite Statement," seeking "a full tracing and audit" of the credit account. Lemieux's motion did not offer any evidence seeking to prove that issues of material fact concerning the unpaid balance remained. The District Court denied Lemieux's motion to dismiss and motion for a more definite statement on September 26, 2011, and granted summary judgment for Discover for the unpaid balance of $4,021.71, interest of $561.94, and costs of $224.00, for a total judgment of $4,807.65.

¶6     We review a district court's grant of summary judgment de novo, using the same M. R. Civ. P. 56 criteria used by the district court. *Styren Farms, Inc. v. Roos*, 2011 MT 299, ¶ 10, 363 Mont. 41, 265 P.3d 1230. Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." M. R. Civ. P. 56(c)(3). The moving party must show that no genuine issues of material fact exist. *Williams v. Plum Creek Timber Co.*, 2011 MT 271, ¶ 14, 362 Mont. 368, 264 P.3d 1090. The burden then shifts to the non-moving party "to prove by more than mere denial and speculation that a genuine issue of material

fact does exist." *Williams*, ¶ 14 (citing *Roy v. Blackfoot Telephone Co-op*, 2004 MT 316, ¶ 11, 324 Mont. 30, 101 P.3d 301). The evidence must be viewed in the light most favorable to the non-moving party, and all reasonable inferences must be drawn in favor of the non-moving party. *Williams*, ¶ 15 (citing *Prindel v. Ravalli County*, 2006 MT 62, ¶ 19, 331 Mont. 338, 133 P. 3d 165). We further review a question of law to determine if the district court's legal conclusions are correct. *Palmer v. Bahm*, 2006 MT 29, ¶ 11, 331 Mont. 105, 128 P.3d 1031. Additionally, we generally afford pro se litigants a certain amount of latitude. *Greenup v. Russell*, 2000 MT 154, ¶ 15, 300 Mont. 136, 3 P.3d 124.

¶7      On appeal Lemieux asserts the motion for summary judgment was not supported by evidence, and that a law clerk for Judge Brown improperly formed an agency relationship with Discover's counsel. First, Discover produced an account manager's affidavit in support of the motion for summary judgment. The affidavit contained a sworn copy of Lemieux's monthly credit card statements, which reflected an unpaid balance of $4,021.71 as of March 2010. Such affidavits are proper means of supporting motions for summary judgment. M. R. Civ. P. 56(c)(3). In response, Lemieux did not produce any evidence disputing the veracity of the affidavit, the monthly statements, or the remaining account balance. Even if Lemieux's motion for a more definite statement is viewed as a proper reply to Discover's motion for summary judgment, Lemieux's assertions concerning the account balance do not amount to more than mere denial and speculation. *Williams*, ¶ 14. Similarly, Lemieux's arguments on appeal primarily focus on a payment protection plan she purchased from Discover and do not seek to prove the existence of an issue of material fact by way of anything more than mere denial.

Lemieux's unsupported assertions do not carry her burden as the non-moving party seeking to avoid summary judgment.

¶8      Moreover, the law clerk's actions during the scheduling conference were not improper.  No ex parte contact occurred between the law clerk and the opposing counsel as both parties, including Lemieux, were present.  The law clerk's signature on behalf of the Discover's counsel did not establish the sort of improper agency relationship, either ostensible or actual, that Lemieux asserts.  *See* § 28-10-103, MCA (2011); *Semenza v. Kniss*, 2008 MT 238, ¶ 19, 344 Mont. 427, 189 P.3d 1188.

¶9      We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our Internal Operating Rules, which provides for noncitable memorandum opinions.  The issues in this case are legal and are controlled by settled Montana law, which the District Court correctly interpreted.

¶10     Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ PATRICIA COTTER
/S/ JIM RICE
/S/ BRIAN MORRIS
/S/ BETH BAKER