FILED

03/21/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0491

DA 16-0491

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2017 MT 64N

SUSAN THOMAS,

      Plaintiff and Appellee,

  v.

LIBERTY NORTHWEST INSURANCE CO.,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Third Judicial District,
In and For the County of Deer Lodge, Cause No. DV 15-55
Honorable Ray Dayton, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Brooke B. Murphy, Adrianna Potts, Matovich, Keller & Murphy, P.C.,
Billings, Montana

      For Appellee:

          Wade J. Dahood, Knight & Dahood, Anaconda, Montana

Submitted on Briefs:  February 8, 2017

Decided:  March 21, 2017

Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Liberty Northwest Insurance (Liberty) appeals the denial of Liberty's Motion to Vacate Default Judgment or for Relief from Default Judgment Pursuant to M. R. Civ. P. Rule 60(b)(4) by the Third Judicial District Court, Deer Lodge County. We address whether deficient service of process denied personal jurisdiction to the District Court. We reverse.

¶3 Susan Thomas filed a workers' compensation claim arising from a work-related injury occurring on September 16, 2010. Liberty, a foreign insurer incorporated under the laws of Oregon, handled Thomas's workers' compensation claim. While some benefits have been paid, Thomas's medical benefits remain open. On June 8, 2015, Thomas filed a Complaint and Demand for Jury Trial, alleging that Liberty failed to pay certain medical expenses. Thomas's Complaint asserted four counts: (1) Breach of the Covenant of Good Faith and Fair Dealing; (2) Negligent and Intentional Infliction of Emotional Distress; (3) Punitive Damages; and (4) Violation of the Unfair Trade Practices Act.

¶4 Thomas attempted service on Liberty by having the Missoula County Sheriff deliver a copy of the Summons and Complaint to Gary Holt, the Claims Team Manager

2

at Liberty's Missoula field office. The Sheriff completed a Return of Service stating that he personally served the Summons and Complaint on December 29, 2015. Upon learning of the attempted service, Liberty's counsel wrote to Thomas's counsel on January 4, 2016, and advised him that Liberty is a foreign insurer and, therefore, must be served through the Montana Commissioner of Insurance pursuant to § 33-1-602, MCA. Thomas did not attempt service on Liberty through the Commissioner. The Missoula County Sheriff's Return of Service and Summons was filed with the District Court on February 29, 2016.

¶5 On March 14, 2016, Thomas filed a Motion for Entry of Default Judgment, based on the December 29, 2015 service on Holt at Liberty's Missoula office. The District Court granted the motion and, on May 9, 2016, issued a Memorandum and Order on Judgment against Liberty in the amount of $1,504,000. The Order on Judgment was the first court filing Liberty received since Liberty's counsel wrote to Thomas's counsel on January 4, 2016, advising of the inadequate service. On May 31, 2016, Liberty filed a Motion to Vacate Default Judgment. The District Court did not rule on the Motion within 60 days of the filing date, and thus it was deemed denied pursuant to Mont. R. Civ. P. 60(c)(1).

¶6 Montana law favors trial on the merits. Judgments by default are not favored. *Brilz v. Metro. Gen. Ins. Co.*, 2012 MT 184, ¶ 15, 366 Mont. 78, 285 P.3d 494. We review a deemed denial of a motion to set aside default judgment for a "slight abuse of discretion." *Green v. Gerber,* 2013 MT 35, ¶ 13, 369 Mont. 20, 303 P.3d 729. Where the movant seeks relief from a default judgment on the ground that the judgment is void,

3

our review is de novo since the determination of whether or not a judgment is void is a conclusion of law. *Essex Ins. Co. v. Moose's Saloon, Inc.*, 2007 MT 202, ¶ 16, 338 Mont. 423, 166 P.3d 451. A judgment is void under Mont. R. Civ. P. 60(b)(4) when the court issuing the judgment lacked jurisdiction. *Greater Missoula Area Fedn. of Early Childhood Educators v. Child Start, Inc.*, 2009 MT 362, ¶ 21, 353 Mont. 201, 219 P.3d 881.

¶7     Liberty argues that Thomas failed to properly serve it with the Complaint and Demand for Jury Trial, which deprived the District Court of personal jurisdiction over Liberty, and thus rendered the judgment void. Thomas argues that her service was proper under M. R. Civ. P. 4, and it was incumbent upon Liberty to move to quash service. Thomas's argument relies on M. R. Civ. P. 4(i)(3)(A) which, if applicable, would ostensibly allow service on Holt at Liberty's Missoula office. Thomas's reliance on M. R. Civ. P. 4(i)(3)(A) is misplaced. M. R. Civ. P. 4(i)(3)(D) provides for service upon a business whose agent or attorney in fact is authorized by statute to accept service on behalf of a business. Section 33-1-602, MCA, provides that, as a foreign insurer, service upon Liberty "may be made *only* by service of process upon the commissioner or upon a deputy or other person in charge of the commissioner's office during the commissioner's absence." (Emphasis added.)

¶8     We previously addressed this very issue in *LaFountaine v. State Farm Mut. Auto. Ins. Co.*, 215 Mont. 402, 698 P.2d 410 (1985). In *LaFountaine*, the plaintiff attempted to serve State Farm, an Illinois corporation, at its Billings Claims Office rather than through the Commissioner. We held that the district court in that matter never obtained personal

4

jurisdiction over State Farm, as "no valid service of process was ever made." *LaFountaine*, 215 Mont. at 405, 698 P.2d at 412. We find no meaningful distinction between *LaFountaine* and the present case. Thomas never obtained service on Liberty through the Commissioner, as required by § 33-1-602, MCA. Thus, Liberty was never properly served, and the District Court never obtained personal jurisdiction over Liberty. Accordingly, the default judgment entered against Liberty is void.[1]

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's deemed denial of Liberty's Motion to Vacate Default Judgment was an abuse of discretion. Reversed and remanded for further proceedings consistent with this opinion.

/S/ JAMES JEREMIAH SHEA

We concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ DIRK M. SANDEFUR
/S/ JIM RICE

---

[1] Liberty argues in the alternative that the default judgment entered by the District Court is void for want of subject matter jurisdiction. Since we have resolved this matter on Liberty's personal jurisdiction argument, we do not reach this alternative issue.